**BIENEWSKI LIMITED PARTNERSHIP,**
by Gregory Bienewski, general part-
ner, et al., Plaintiffs,

v.

**John H. (Jay) TISING et al.,
Defendants.**

**Civ. A. No. 73–C–268.**

United States District Court,
E. D. Wisconsin.

July 23, 1974.

David B. Halling, Milwaukee, Wis., for plaintiffs.

Joseph P. Trapp, Brookfield, Wis., for defendant John H. (Jay) Tising.

Samuel J. Recht, Milwaukee, Wis., for defendant Leigh A. Cord.

James F. Laneville, Shorewood, Wis., for defendant Paul E. Hall.

Michael P. Stupar, Milwaukee, Wis., for defendant Lance Hanish.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

This action is brought under the Securities and Exchange Act of 1934 and, more specifically, under 15 U.S.C. § 78j [1] and 17 C.F.R. § 240.10b–5 (Rule 10b–5).[2] It arose because of an investment allegedly made by the plaintiffs in reliance upon certain assurances and assertions made by the defendants. Plaintiffs have brought this action individually and as members of the Bienewski Limited Partnership. Defendants Tising, Cord, and Hall are all licensed brokers, and defendant Hanish is the president of New Corporation, of which more shall be related herein.

In their complaint, plaintiffs allege that they were led by defendants Tising, Cord, and Hall, who were in turn aided and abetted by defendant Hanish, to form the Bienewski Limited Partnership. The purpose of the partnership was to funnel funds into New Corporation and then eventually into shares of stock of another corporation, Lynema Enterprises, Inc. Plaintiffs claim that they invested a total of $32,500 and that

1. Section 78j states in part:
"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, * * *
       *       *       *       *       *
"(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors."

2. Section 240.10b–5 states in part:
"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails * * *
"(a) To employ any device, scheme, or artifice to defraud.
"(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
"(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
in connection with the purchase or sale of any security."

the defendants caused them to so invest by making certain statements of fact which they knew to be untrue at the time that they were made. Paragraph 18 of plaintiff's complaint sets forth the following misleading assurances allegedly made to them:

"a. Plaintiffs were led to believe that Lynema was not doing well in its business and could, with the infusion of approximately $100,000 in new capital, expand and do well, thus causing a significant increase in the value of plaintiffs' investment; plaintiffs were told that if they would invest the $32,500 the remaining sums would be obtained for said expansion and that said funds had already been committed; in truth and in fact, the additional sums had not been committed and said expansion could not thus take place.

"b. Plaintiffs were told that their investment would be secured by a personal note of one Leonard Lynema; in truth and in fact, no such note was ever obtained and their investment was not so secured.

"c. Plaintiffs were told that their investment would be secured by a lien on investory (sic) and receivables, and that the Branch County Bank of Coldwater, Michigan, a first lienholder of Lynema's inventory and receivables, would subordinate its prior lien to that of plaintiffs up to $50,000; in truth and in fact, said lien was never obtained to protect the investment of plaintiffs.

"d. Plaintiffs were told that New Corp. was to serve as a conduit for said investments and was a bona fide Wisconsin corporation which would act in the best interest of plaintiffs and protect their investment by ensuring that the conditions and promises enumerated in (a), (b), and (c), above, would be fulfilled; in truth and in fact, New Corp. is not a bona fide Wisconsin corporation and did not so act in protecting plaintiffs' interest."

Plaintiffs further claim that Lynema Enterprises, Inc., went into receivership or bankruptcy and that they lost their $32,500 investment. The present suit arose as a result of this loss.

Jurisdiction is claimed under 15 U.S. C. § 78aa [3] and 28 U.S.C. § 1331.[4]

Presently pending before the court are numerous motions. Defendant Hanish has filed a motion under Rule 12(b)(2), F.R.Civ.P., to dismiss the action for lack of jurisdiction. He has additionally filed two motions under Rule 12(b)(6), F.R.Civ.P., to dismiss for failure to state a claim and for failure to plead the circumstances constituting fraud with particularity as required by Rule 9(b), F.R.Civ.P.[5] Defendant Cord has filed two motions to dismiss, the first asking for dismissal for lack of jurisdiction and the second for failure to state a claim upon which relief can be granted. Defendant Hall has filed four motions. He asks that the cause of action against him be dismissed because the court lacks jurisdiction, because the complaint fails

---

3. Section 78aa states in part:

"The district courts of the United States * * * shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. * * *"

4. Section 1331 states in pertinent part:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, * * * and arises under the Constitution, laws, or treaties of the United States."

5. Rule 9(b) states:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

to state a claim, and because the circumstances allegedly constituting fraud have not been set forth with sufficient particularity. He has additionally moved, under Rule 19(a), F.R.Civ.P., to join First Midwest Investment Corporation, Inc., as a party defendant. Defendant Tising has filed an answer to the complaint.

For the purposes of this decision, I shall treat the motions in the following order: first, the motions to dismiss for lack of jurisdiction and failure to state a claim; second, the motions claiming that the complaint fails to plead the elements of fraud with particularity; and third, the motion to join a third party defendant. All motions are denied.

## I.

Title 15 U.S.C. § 78aa[6] grants jurisdiction to federal district courts to hear actions involving violations of, *inter alia*, 15 U.S.C. § 78j and Rule 10b–5. Failure to state a claim and lack of jurisdiction are therefore very much interrelated.

In order for this court to have jurisdiction and for a valid claim to be stated, it is clear that the plaintiffs' complaint must plead the purchase or sale of a security and the use of either any facet of interstate commerce or the mails. I find that paragraphs 13, 14, and 15 of the plaintiffs' complaint sufficiently plead a purchase of securities, and that paragraph 17 specifically alleges that the defendants, in misleading the plaintiffs, "utilized the services of interstate commerce and the mails."

In Kohler v. Kohler Co., 319 F.2d 634, 642 (7th Cir. 1963), the court, in discussing § 78j(b) and Rule 10b–5, stated:

"The statute and the rule basically call for fair play and abstention on the part of the corporate insider from taking unfair advantage of the uninformed outsider or minority stockholder. Such a standard requires the insider to exercise reasonable and due diligence not only in ascertaining what is material as of the time of the transaction but in disclosing fully those material facts about which the outsider is presumably uninformed and which would, in reasonable anticipation, affect his judgment."

The *Kohler* court further refused to establish a general rule by which to gauge the standard of conduct of those alleged to have acted unfairly. Speaking of the duties created, it stated at 637–638:

"It is clear that the statute was intended to create a form of fiduciary relationship between so-called corporate 'insiders' and 'outsiders' with whom they deal in company securities which places upon the insider duties more exacting than mere abstention from what generally is thought to be fraudulent practices. If so, the question arises: What are the limits of those duties? We are satisfied that the answer cannot be confined to an abstract rule but must be fashioned case by case as particular facts dictate."

Plaintiffs' complaint clearly alleges that defendants were corporate insiders. Thus, they clearly had a duty to act fairly and accord due diligence to the plaintiffs. This duty could not be satisfied by mere abstention. Since the complaint must be viewed in the light most favorable to plaintiffs and should not be dismissed unless it can be said to a certainty that plaintiffs would not be entitled to relief under any state of facts which could be proved in support of their claim—2A Moore, Federal Practice ¶ 12.08, at 2271–2274 (4th ed. 1974); see also Conley v. Gibson, 355 U.S. 41, 45–56 (1957)—I cannot dismiss it at this point. Taking plaintiffs' allegations concerning misleading assurances and statements as being true, I find that failure to abide by the "fair play" and "due diligence" requirements of both the

statute and the rule to be properly alleged. I, therefore, hold that plaintiffs' complaint sufficiently sets forth a violation of the statute and the rule on the part of each of the defendants in this action.

## II.

■ Rule 9(b), F.R.Civ.P.,[7] requires that the alleged circumstances constituting fraud be pleaded with particularity. Rule 9(b) is fully applicable to this type of action. Kramer v. Loewi & Co., Inc., 357 F.Supp. 83 (E.D.Wis.1973).

■ As previously indicated, Kohler v. Kohler Co., 319 F.2d 634, 637–638 (7th Cir. 1963), reveals that the standard by which allegedly fraudulent conduct is to be judged has not yet been definitively stated. In addition, since the present action is based on fraud, "[s]tate court decisions involving fraud and misrepresentation are applicable only indirectly as supplementary aids in establishing standards of diligence." Kohler v. Kohler Co., supra, at 642. It is, therefore, somewhat difficult to decide exactly what must be alleged in order to meet the requirements of Rule 9(b). For the purposes of this discussion, I shall separately treat the motion of defendant Hanish which raises issues somewhat more complex than those raised in the motion of defendant Hall.

■ Concerning the latter's motion, in Kramer v. Loewi & Co., Inc., 357 F. Supp. 83 (E.D.Wis.1973), a similar case, I held that Rule 9(b) had not been satisfied. Though the plaintiff in that case had described the representations made by the defendants, the complaint failed to state specifically either the time or the circumstances under which the representations were made. In the instant action, plaintiffs clearly set forth the representations made to them. They allege that their partnership was formed for the express purpose of accomplishing the investment which triggered this action. Plaintiffs' allegations sufficiently set forth the time and circumstances under which the violations supposedly took place. For the purposes of the motion of defendant Hall, I therefore find that adequate notice for a responsive pleading has been given. C. Wright & A. Miller, 5 Federal Practice and Procedure, § 1298, at 415 (1969). Hall's motion should accordingly be denied.

The motion of defendant Hanish is more difficult to resolve because it is alleged that he only aided and abetted in inducing the plaintiffs to make certain investments. Aiding and abetting, in such circumstances, has been described by one court as an "elusive concept," Securities and Exchange Commission v. National Bankers Life Insurance Co., 324 F.Supp. 189, 195 (N.D.Texas 1971), affirmed 448 F.2d 652, and the standards by which such conduct is to be judged are not yet fully developed.

In Securities and Exchange Commission v. National Bankers Life Insurance Co., supra, the Court stated at 195:

"* * * It is clear that the defendant must have some knowledge of the fraudulent act or scheme he is aiding, though that knowledge may be actual or constructive. Brennan v. Midwestern United Life Insurance Co., 259 F.Supp. 673 (N.D.Ind.1966). The Brennan case further indicates that a person may be held as an aider and abettor through either an act or an omission. Id. at 682. One commentator, speaking in the context of aiding a general scheme, has described the requisite knowledge as follows: the defendant must have some general awareness that his role is part of a complex activity and that the overall conduct is in some way improper. A. Bromberg, Securities Law: Fraud— SEC Rule 10(b)(5), Sec. 8.5 (582) p. 208.45 (1970 Supp.). It is clear that the degree of knowledge necessary can

---

7. See footnote 5, supra.

be shown by circumstantial evidence. Securities & Exchange Commission v. Scott-Taylor & Co., 183 F.Supp. 904 (S.D.N.Y.1959)."

In Fischer v. Kletz, 266 F.Supp. 180, 197 (S.D.N.Y.1967), the Court, searching for a suitable standard, stated:

"* * * Conveniently, the Restatement of Torts provides the following standard by which * * * putative liability can be measured:

"'For harm resulting to a third person from the tortious conduct of another, a person is liable if he

* * * * * *

(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. * * *' (Restatement, Torts § 876 (1939))"

Paragraph 15 of the plaintiffs' complaint generally states that defendant Hanish aided the other defendants. Paragraph 16, without specifically naming any particular defendant, then states:

"That said defendants caused plaintiffs to so invest by materially misleading plaintiffs in several respects and by making certain assurances and assertions of fact known at the time by defendants to be untrue; that plaintiffs so invested in reliance on said assurances and assertions and would not have so invested had they not been so misled."

Paragraph 18, which again does not name any particular defendant, has already been set forth in this opinion.

■■ From these allegations it appears that the plaintiffs claim that de-fendant Hanish had knowledge of misleading statements made to the plaintiffs and also that he knew that such statements were untrue when made. Without attempting to formulate any general rule as to what particular conduct is called for on the part of a defendant alleged to have aided and abetted others, I find that the requirements of Rule 9(b) have been met because the complaint points to "general awareness of overall improper conduct," Securities and Exchange Commission v. National Bankers Life Insurance Co., supra, at 195, and because even silence or omission can be a sufficient contribution to a scheme to defraud. Brennan v. Midwestern United Life Insurance Co., 259 F.Supp. 673 (N.D.Ind.1966) cert. denied 397 U.S. 989 (1970).

In *Brennan,* Judge Eschbach further discussed the reluctance of the *Kohler* court to establish hard and fast rules. He stated at 682:

"* * * The warning by the Court of Appeals in the *Kohler* case that the extent of such duties 'cannot be confined to an abstract rule but must be fashioned case by case as particular facts dictate' is most appropriate here. The very fact that this case arises in a newly developing area of law cautions that the court should refrain from abstract and premature legal determinations fashioned in an evidentiary vacuum."

A similar attitude and approach is warranted in the present action.

■ Defendant Hall has moved this court to join First Midwest Investment Corporation, Inc., as a party defendant under Rule 19(a), F.R.Civ.P.[8] Defend-

---

8. Rule 19(a) provides in part:

"A person who is subject to service of process * * * shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. * * *"

ant Hall has submitted no brief in support of his motion, and I am presently unable to decide whether complete relief cannot be granted without such joinder or whether the party sought to be joined claims an interest in this action. Accordingly, I have no basis for granting the requested joinder.

For the reasons given above,

It is ordered that defendants' motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief can be granted be and they hereby are denied.

It is further ordered that defendants' motions to dismiss for failure to plead the circumstances constituting fraud as required by Rule 9(b), F.R.Civ.P., be and they hereby are denied.

It is further ordered that defendant Hall's motion to join First Midwest Investment Corporation, Inc., as a party defendant pursuant to Rule 19(a), F.R. Civ.P., be and it hereby is denied.