COLONIAL BANK & TRUST COMPANY, an Illinois Banking Corporation, Plaintiff,

v.

AMERICAN BANKSHARES CORPORATION, a Wisconsin Corporation, Federal Deposit Insurance Corp., as Receiver for American City Bank & Trust Co., N.A., a National Banking Corporation, Raymond L. Callen, Peter Wegmann, Harold L. Erickson, Walter F. Benz, William George Bruce, III, John D. Cahill, Gerald S. Colburn, John De Belak, Albert M. Deshur, Bernard D. Heifetz, Edward A. Korpady, Henry S. Lauterbach, Nicholas J. Lesselyoung, Harold F. Lichtsinn, W. Stanley Pearce, Clement J. Schwingle, Robert J. Trecker, Richard D. Wright, James W. Sullivan, and Ernst and Ernst, a Partnership, Defendants.

No. 75–C–638.

United States District Court,
E. D. Wisconsin.

Nov. 7, 1977.

See also, D.C., 439 F.Supp. 805.

Reuben W. Peterson, Jr., Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., James S. Gordon, Chicago, Ill., for plaintiff.

Clay R. Williams, Robert J. Loots and William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., Elwin J. Zarwell, Thomas J. Donnelly and Ronald L. Wallenfang, Quarles & Brady, Milwaukee, Wis., Walter S. Davis, David E. Leichtfuss and Clifford B. Buelow, Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S.C., Milwaukee, Wis., David J. Cannon, Lee J. Geronime, Glenn A. Buse, Michael, Best & Friedrich, Milwaukee, Wis., Gregory J. Harrold, Milwaukee, Wis., William H. Alverson, Godfrey & Kahn, S.C., Milwaukee, Wis., John C. Carlson, Richard L. Cates, Lawton & Cates, Madison, Wis., Howard A. Schoenfeld, Russell R. Stepke, Milwaukee, Wis., Robert E. Hackett, Jr., Milwaukee, Wis., James W. Sullivan, Excelsior, Minn., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

There are several motions pending in this action which are fully briefed and ready for resolution. Because of the number of defendants in this action and the multiplicity of claims, crossclaims and third party actions, the Court will segregate the motions according to the pertinent claim.

### I. *The Second Amended Complaint*

The 10 defendants represented by the law firm of Quarles & Brady (the Quarles Group), defendants Erickson and Trecker and the partnership of Ernst & Ernst along

with the two named partners of the firm have all moved to dismiss the complaint.

The defendants attack count I of the complaint contending that it fails to adequately allege scienter as required by *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

Count I of the complaint asserts an action arising under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission. The plaintiff contends that it made loans to certain individuals, taking stock as security for the loans in reliance and upon representations made to it by the defendants. The complaint alleges that the representations were false and contained omissions of material fact. The plaintiff has alleged that it was relying on the representations made to it concerning the book value of the stock being pledged and that the defendants knew of this reliance. Subsequent allegations state that the defendants "knew or should have known, but concealed from the plaintiff" that the representations were false and incomplete. It is the "knew or should have known" language which is attacked by the defendants.

The plaintiff, by employing the alternative language of "knew or should have known," has alleged different theories of recovery. Insofar as the complaint alleges that the defendants made representations to the plaintiff to induce it to make the loans taking the stock as security therefor knowing the representations were false and incomplete and knowing that the defendant would rely on the representations, the allegations clearly are sufficient to plead the requisite scienter of § 10(b). The knowing conduct alleged is the equivalent of an allegation of intentional deceit. The real issue before the Court is whether the alternative allegations of "should have known" are also sufficient under § 10(b).

The Supreme Court in *Hochfelder* held that mere negligent conduct was insufficient to establish a § 10(b) violation. The question of whether reckless conduct could provide the necessary scienter was left un-answered. The Seventh Circuit has since resolved this issue for this circuit and has stated that reckless conduct can form the basis of a violation. *Sanders v. John Nuveen & Co., Inc.*, 554 F.2d 790 (7th Cir. 1977); *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir. 1977); *Bailey v. Meister Brau, Inc.*, 535 F.2d 982 (7th Cir. 1976); *Stern v. American Bankshares Corp.*, 429 F.Supp. 818 (E.D.Wis.1977).

The Seventh Circuit in *Sundstrand, supra*, defined recklessness in the context of omissions. It quoted from *Franke v. Midwestern Oklahoma Development Authority*, 428 F.Supp. 719 (W.D.Okl.1976):

"reckless conduct may be defined as a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." 553 F.2d at 1045.

The Court went on to explain that:

[u]nder this definition, the danger of misleading buyers must be actually known or so obvious that any reasonable man would be legally bound as knowing, and the omission must derive from something more egregious than even "white heart/empty head" good faith. While this definition might not be the conceptual equivalent of intent as a matter of general philosophy, it does serve as a proper legally functional equivalent for intent, because it measures conduct against an external standard which, under the circumstances of a given case, results in the conclusion that the reckless man should bear the risk of his omissions. *Id.*

The Court characterized the requirement that the defendant be aware of the danger or legally bound as being aware of the danger as an objective test. *Id.* at 1045 n. 19. The latter requirement of the omission deriving from something more than even "white heart/empty head" good faith was characterized as a subjective test which re-

quires something more than the "inexcusable negligence" found in *Hochfelder*. *Id*. at 1045 n. 20.

Applying this definition to the allegations of the complaint, the Court finds the complaint sufficient. The complaint may be viewed as alleging both misrepresentations and omissions of material facts.

■ As to the omissions, the two tests listed in *Sundstrand* are met. The complaint alleges that the defendants knew that the plaintiff was relying on the representations made by the defendants. This allegation clearly meets the objective test of *Sundstrand, i. e.*, knew or legally bound as knowing the danger of misleading the buyers. The subjective test is met by the allegation that the defendants knew or should have known that the representations were incomplete. The "should have known" language is sufficient in this Court's opinion to allow proof of reckless conduct in this regard. If the plaintiff can establish that the defendants were reckless in adequately informing themselves of the accuracy and completeness of the representations made coupled with their knowledge of the plaintiff's reliance, it will have established the scienter requirement for liability under § 10(b). These allegations, which must be taken as true in dealing with the instant motions, are in the Court's estimation a proper legally functional equivalent for intent.

■ Applying the concepts of recklessness stated in *Sundstrand*, a case of omission, to this case of misrepresentation, the Court finds the allegations sufficient. The functional equivalent of intent was found in *Sundstrand* where the defendant was cognizant of the danger of misleading the plaintiff or the danger was obvious, but nevertheless, acted recklessly or recklessly failed to act in his dealings with plaintiff. The complaint in this case alleges that the defendants knew of the plaintiff's reliance on the representations made by the defendants and that they knew the representations were false or should have known them to be such. As stated above, the Court finds the allegation of "should have known" suffi-cient to allow proof of reckless conduct. If the plaintiff can establish that the defendants acted recklessly in ascertaining the truth or falsity of their representations while cognizant of the plaintiff's reliance, it will have established the functional equivalent of intent.

For the reasons stated above, the Court finds that the motions to dismiss count I of the complaint for failure to allege the requisite scienter must be denied.

The Ernst & Ernst defendants have also moved to dismiss count II of the complaint for lack of subject matter jurisdiction. Having found a valid cause of action arising under the federal securities laws in count I, the Court may and does assume pendent jurisdiction over the related state claims.

The motion to dismiss count II is, therefore, denied.

The above disposition renders moot the plaintiff's motion to amend.

## II. *Crossclaim of Defendant Benz*

The FDIC and defendants Callen and Erickson have moved to dismiss the crossclaim asserted against them by defendant Benz. Three grounds are asserted: (1) the crossclaim does not arise out of the transaction or occurrence which is the subject matter of the original complaint; (2) that the statute of limitations bars the claim; and (3) that the crossclaim fails to state a claim against the FDIC.

■ This Court has previously ruled in this case that crossclaims and third-party actions of defendants other than defendant Benz were properly assertable in this action since they arose out of the transaction or occurrence which is the subject matter of a counterclaim properly filed in this action. The instant crossclaim of defendant Benz relates to this same transaction. The motion to dismiss based on the first ground asserted above is, therefore, denied.

The statute of limitations applicable to the crossclaim of defendant Benz is stated in Wis.Stats. § 551.59.

No action shall be maintained under this section unless commenced before the expiration of three years after the act or transaction constituting the violation or the expiration of one year after discovery of the facts constituting the violation, whichever first expires . . . .

*Kraemer v. Loewi & Co., Inc.*, 357 F.Supp. 83 (E.D.Wis.1973).

The action was commenced on January 21, 1977 and the transaction constituting the alleged violation occurred on December 31, 1974. The defendants to the crossclaim contend that the discovery of the violation had to have taken place on October 21, 1975, the date when the FDIC became receiver for the bank. This argument, if valid, would bar the counterclaim under the shorter one year limitation period.

■ The Court, however, is not persuaded that knowledge of the bank failure on October 21, 1975, necessarily discloses a fraud alleged to have been perpetrated on December 31, 1974. Whether the discovery of the violation occurred prior to January 21, 1976 is a factual matter which cannot be resolved at this stage of the litigation.

The motion to dismiss based on the second ground asserted above is, therefore, denied.

■ The final basis for dismissal of the crossclaim is that it fails to state a claim against the FDIC as receiver for the American City Bank. The crossclaim alleges violations of the federal securities laws by officers and directors of the American City Bank as well as the bank itself. The FDIC as receiver of the bank is accountable for the liabilities of the bank, it is for purposes of this suit, the successor in interest to the bank. As such, it is a proper party to this action and a claim is asserted against it. Any funds which may ultimately be paid to the plaintiff by the FDIC must be paid out of the assets of the bank which were transferred to it as receiver and not out of its general corporate funds. The motion to dismiss the crossclaim is, therefore, denied.

### III. *The Third Party Complaint*

The FDIC in its corporate capacity as well as the Comptroller of the Currency have moved to dismiss the third party action filed against them.

The instant claim has been characterized by the third party plaintiffs as an action for "tortious misrepresentation." The third party plaintiffs contend that the Comptroller and the FDIC "materially aided and abetted the officers of American City Bank, American Bankshares, and American Hampton Bank, both in falsely representing the financial condition of American City and the potential effect of the $2,000,000 infusion of capital into American City to the [third party plaintiff]; and in inducing the [third party plaintiffs] to purchase a portion of the said $2,000,000 capital requirement." The action asserted against the moving defendants is alleged to be based on both federal common law and federal statutory law, 15 U.S.C. § 78j(b).

The principal argument advanced for dismissal is based on immunity.

The FDIC and the Comptroller contends that the federal securities laws are not applicable to it. Section 78c(c) of title 15 is cited as controlling authority.

(c) No provision of this chapter shall apply to, or be deemed to include, any executive department or independent establishment of the United States, or any lending agency which is wholly owned, directly or indirectly, by the United States, or any officer, agent, or employee of any such department, establishment, or agency, acting in the course of his official duty as such, unless such provision makes specific reference to such department, establishment, or agency.

■ While no case authority has been cited by any of the parties and the Court has found none, the clear language of the statute makes it applicable to the FDIC. The Corporation is an independent establishment of the United States created by 12 U.S.C. § 1811. It is not subject to the federal securities laws, nor are its officers or agents.

The third party defendants contend nonetheless that 12 U.S.C. § 1818 "provides the jurisdictional basis" for their action. Section 1819 provides in part:

[T]he Corporation [FDIC] . . . shall have power . . . to sue and be sued, complain and defend, in any court of law or in equity, to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; . . . except that any such suit to which the Corporation is a party in its capacity as a receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

■ The "sue or be sued" language, however, is not a waiver of immunity in this action. Section 2679(a) of title 28, U.S.C. states:

The authority of any federal agency to sue and to be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under Section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

That this section was intended to exclude remedies for particular actions against otherwise "suable" agencies was established in *Freeling v. F.D.I.C.*, 221 F.Supp. 955 (W.D. Okl.1962).

This section will place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. In both cases, the suits would be against the United States, subject to the limitations and safeguards of the bill; and in both cases the exceptions of the bill would apply either by way of preventing recovery at all or by way of leaving recovery to some other act, as, for example the Suits in Admiralty Act. It is intended that neither corporate status nor 'sue and be sued' clauses shall, alone,

be the basis for suits for money recovery sounding in tort. *Id.* at 957 (quoting Senate Report 1400 at p. 33, 79th Cong., 2d Sess.) See also *Safeway Portland Employees' Federal Credit Union v. FDIC,* 506 F.2d 1213 (9th Cir. 1974).

■ The action against the FDIC, in its corporate capacity, is by virtue of § 2679(a), a suit against the United States. It is, as characterized by the third party plaintiffs, an action for tortious misrepresentation and is excluded from the waiver of sovereign immunity contained in the Federal Tort Claims Act by 28 U.S.C. § 2680:

The provisions of this chapter and section 1346(b) of this title shall not apply to . . . any claim arising out of . . . misrepresentation.

No other basis for a waiver of the immunity is cited nor has any been found. The third party action against the FDIC must, therefore, be dismissed. See *Safeway Portland Employees' Federal Credit Union v. FDIC, supra.*

■ The same result must be reached as to the action against James E. Smith. The action against this defendant is asserted against him, individually, in his capacity as Comptroller of the Currency and in his capacity as a Director of the FDIC. Insofar as the action is asserted against defendant Smith in his official capacities, it is a suit against the United States and subject to the same infirmity as noted above. *Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Malone v. Bowdoin,* 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Larson v. Domestic & Foreign Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

■ It is equally well established that federal officials are not individually liable for alleged torts based upon acts committed within the scope of their official duties requiring exercise of judgment or discretion. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). The Comptroller's actions complained of in this action were clearly within his discretionary authority.

**804**

Cooper v. O'Connor, 69 U.S.App.D.C. 100, 99 F.2d 135, *cert. denied*, 305 U.S. 643, 59 S.Ct. 146, 83 L.Ed. 414, *rehearing denied*, 305 U.S. 673, 59 S.Ct. 242, 82 L.Ed. 436 (1938).

 The Court is unpersuaded by the arguments relating to the *ultra vires* nature of the action. The immunity conferred upon the officials' actions is not limited by the purpose of the actions:

> The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. *Gregoire v. Biddle*, 177 F.2d 579, 581 (2nd Cir. 1949)

Nor are the cases pertaining to immunity under 42 U.S.C. § 1983 applicable to the facts of this case.

### IV.  *Conclusion*

For the reasons stated above, the motions to dismiss the second amended complaint are denied; the motion to amend is moot; the motions to dismiss the crossclaim of defendant Benz are denied; and the motions of the FDIC, in its corporate capacity, and of defendant Smith individually and in his capacities of Comptroller of the Currency and Director of the FDIC to dismiss the third party actions against them are granted and those actions are hereby dismissed.

SO ORDERED this 7th day of November, 1977, at Milwaukee, Wisconsin.