**COLONIAL BANK & TRUST COMPANY, an Illinois Banking Corporation, Plaintiff,**

v.

**AMERICAN BANKSHARES CORPORATION, a Wisconsin Corporation, the Federal Deposit Insurance Corporation, as Receiver for American City Bank & Trust Company, N.A., a National Banking Corporation, Harold L. Erickson, Walter F. Benz, William George Bruce, III, Gerald S. Colburn, Albert M. Deshur, Bernard D. Heifetz, Edward A. Korpady, Henry S. Lauterbach, Nicholas J. Lesselyoung, Harold F. Lichtsinn, W. Stanley Pearce, Clement J. Schwingle, Richard D. Wright, Ernst & Ernst, a partnership, R. Donald Hevey, and Edward Lompa, Defendants.**

No. 77–C–290.

United States District Court,
E. D. Wisconsin.

Nov. 16, 1977.

James S. Gordon, Chicago, Ill., Reuben W. Peterson, Jr., Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for plaintiff.

Matthew J. Flynn, Quarles & Brady, Clifford Buelow, Davis, Kuelthau, Vergeront, Stover & Leichtfuss, S.C., William H. Alverson, Godfrey & Kahn, William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, for defendants.

Harold L. Erickson, pro se.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The defendants in this action have moved to dismiss on the basis that the action is barred by the statute of limitations. Since this action is brought pursuant to § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, the Court is required to rule on the question of which state statute of limitations is applicable to the facts of this case.

The complaint alleges that the defendants induced the plaintiff to make several loans, totally three million dollars, by making fraudulent misrepresentations to it concerning the stock it was to receive as collateral or by acting recklessly in regard to the representations made. The transaction in question was consummated on May 17, 1974. The complaint in this action was filed on May 16, 1977.

On November 3, 1975, the plaintiff, Colonial Bank and Trust Co., filed a complaint against the present defendants which seeks recovery for the same fraudulent misrepresentations which forms the basis of the instant action. *Colonial Bank and Trust Co. v. American Bankshares Corp.*, Civil Action No. 75–C–638. The latter action is pending in this Court. The earlier action, 75–C–638, seeks recovery of the loan made to Mr. Harold L. Erickson which the complaint alleged was in default. This instant action seeks recovery for the loans made to Mr. Archie Meinerz and to Mr. John D. Cahill.

The defendants contend that Wis. Stats. § 551.59(5) applies to the plaintiff's claim and bars this action. That section is part of the security laws of the state and provides:

No action shall be maintained under this section unless commenced before the expiration of three years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires, but the time specified for commencing such action shall be extended by reason of any fact and for the time specified in Sections 893.30 to 893.38.

The argument advanced is that the filing of the complaint in case no. 75–C–638 conclusively shows that the plaintiff was aware of the facts constituting the violation more than one year before filing the complaint. The plaintiff has not denied that it was aware of the fraud for more than a year prior to filing the complaint. It argues, however, that section 551.59(5) is not applicable and contends that Wis.Stats. § 893.-19(7) applies to this case. Section 893.19(7)

is a general statute of limitations which provides for a six year statutes of limitations for,

An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud.

The precise issue which is now before the Court was decided in this district by Judge Reynolds in *Kramer v. Loewi & Co., Inc.*, 357 F.Supp. 83 (E.D.Wis.1973). Judge Reynolds ruled that § 551.59(5) was applicable to actions asserted under § 10(b). The *Kramer* decision was rendered prior to the Supreme Court decision of *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), and was based at least in part on the then existing law in this circuit that negligence could form the basis of a § 10(b) violation. This issue must, therefore, be reconsidered in light of *Hochfelder*.

The Seventh Circuit Court of Appeals faced the issue now before the Court in *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972). While the holding in *Parrent* is tainted somewhat by the subsequent decision in *Hochfelder*, the analysis of the problem as presented in *Parrent* was not so tainted. In *Parrent* the Court of Appeals for the Seventh Circuit adopted the analysis of the Eighth Circuit as presented in *Vanderboom v. Sexton*, 422 F.2d 1233 (8th Cir. 1970). That analysis calls for the use of a two-pronged test to properly arrive at "the characterization that state law would impose." *United Automobile Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 706, [86 S.Ct. 1107, 1113, 16 L.Ed.2d 192] (1966).

*Vanderboom v. Sexton, supra*, viewed two factors to be significant in determining which particular state statute of limitations should be applied in a Rule 10b-5 case: (1) does the state statute share a common purpose with Rule 10b-5, and (2) does the state statute permit the assertion of substantially the same defenses that are available in a Rule 10b-5 case?

*In Re Alodex Corporation Securities Litigation*, 533 F.2d 372, 373 (8th Cir. 1976); *Bailey v. Piper, Jaffray & Hopwood, Inc.*, 414 F.Supp. 475 (D.Minn.1976). The Court would note that the application of the second prong of the analysis delineated above has consisted primarily of an examination of the scienter necessary to sustain a violation, *i. e.*, whether intent or negligence is sufficient. The characterization of the examination as an inquiry into the defenses available was a result of the particular statutes placing the burden on the defendant to negate the intent or establish a lack of negligence.

The commonality of purpose between Rule 10b–5 and Wis.Stats. § 551.59(1) is apparent from reading the text of the two statutes. The Rule states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud.

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 CFR § 240.10b–5. Wis.Stats. § 551.59(1) provides:

Any person who: (a) offers or sells a security in violation of Section 551.21, 551.31 or 551.55 or any rule relating thereto, or any condition imposed under Section 551.26 or 551.27 or any order under this chapter of which he has notice; or (b) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the purchaser not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission shall be liable to the person purchasing the security from him . . . . .

■ The obvious purpose of both provisions is to protect the uninformed from manipulative and deceptive practices when dealing with securities. While this same general purpose underlies a common law fraud action, the fraud action is not directed exclusively at securities transactions as is § 551.59. As stated by the court in *Bailey, supra* at 482–83:

In applying the resemblance test in this context, it should be noted that Rule 10b–5 applies only to fraud in securities transactions. Fraud, no matter how heinous, is not cognizable under Rule 10b–5 unless it is attendant upon the purchase or sale of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Hence, resemblance must be determined not by reference to general state anti-fraud provisions, but by reference to *securities fraud*.

The Court would, therefore, find that the first prong of the analysis dictates that the limitations provided in § 551.59 be adopted for this case.

■ The second prong involves an analysis of the elements of the various offenses. A common law action for fraud in the state of Wisconsin requires an allegation and subsequent proof of an intent to defraud. *Estate of Demos*, 50 Wis.2d 262, 184 N.W.2d 117 (1971); *First Credit Corp. v. Myricks*, 41 Wis.2d 146, 163 N.W.2d 1 (1968); *International Milling Co. v. Priem*, 179 Wis. 622, 192 N.W. 68 (1923). While the element of "intent to defraud" will also suffice under § 10b–5, the somewhat lesser standard of recklessness has also been found to result in liability. *Sanders v. John Nuveen & Co., Inc.*, 554 F.2d 790 (7th Cir. 1977); *Sundstrand Corp. v. Sun Chemical Corp.*, 533 F.2d 1033 (7th Cir. 1977); *Bailey*

*v. Meister Brau, Inc.*, 535 F.2d 982 (7th Cir. 1976); *Stern v. American Bankshares Corp.*, 429 F.Supp. 818 (E.D.Wis.1977). The reckless standard set forth in the above cases sufficiently distinguishes the present action from a common law fraud action, in this Court's estimation.

■ While the exact requirements of a violation under § 551.59 have not been fully developed, the Court would find that an intentional fraud is most certainly covered by the provision, and the language "and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission" would indicate that reckless conduct would also be sufficient to sustain liability under § 551.59. Whether mere negligence is also sufficient under § 551.59, need not be decided. Assuming, *arguendo*, that it is, the Court would nonetheless find that § 551.59 more closely resembles § 10b–5 on this aspect of the analysis under *Parrent*, than does a common law fraud action.

The Court, therefore, finds that the appropriate statute of limitations is contained in § 551.59(5) of the Wisconsin Statutes.

■ The defendants in their motion to dismiss have requested that the Court take judicial notice of the complaint filed in 75–C–638. The Court is of the opinion that such notice is proper. However, taking judicial notice of matters outside the pleadings would convert this motion from one under Rule 12(b)(6) to one for summary judgment under Rule 56. *See Grand Opera Co. v. Twentieth Century-Fox Film Corp.*, 235 F.2d 303, 307 (7th Cir. 1956).

Rule 12(b) provides in part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The Court, therefore, will not dispose of the case in its present form. It will consider the complaint filed in 75–C–638 and convert the motion into a Rule 56 motion but will allow the plaintiff additional time to respond if desired.

For the reasons stated above, the defendants' motion will be stayed pending further response by the plaintiff.