**COLONIAL BANK & TRUST COMPANY, an Illinois Banking Corporation, as assignee of William F. Fox, Plaintiff,**

v.

**AMERICAN BANKSHARES CORPORATION, a Wisconsin Corporation, et al., Defendants.**

**John D. CAHILL, Plaintiff,**

v.

**ERNST & ERNST, Defendant.**

Nos. 77–C–289, 77–C–294.

United States District Court, E. D. Wisconsin.

Oct. 29, 1979.

Reuben W. Peterson, Jr., Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., James S. Gordon, Chicago, Ill., for plaintiff.

Matthew J. Flynn and Thomas J. Donnelly, Jr., Quarles & Brady, Milwaukee, Wis., for outside directors.

William H. Alverson, Godfrey & Kahn, Milwaukee, Wis., for Ernst & Ernst.

William J. French, Gibbs, Roper, Loots & Williams, Milwaukee, Wis., for FDIC.

Clifford B. Buelow and Walter S. Davis, Davis, Kuelthau, Vergeront, Stover & Leichtfuss, Milwaukee, Wis., for Benson.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Plaintiffs, in these two actions have brought suit alleging violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission. Jurisdiction is grounded on 15 U.S.C. § 78aa.

In the complaint in Civil Action 77–C–289, plaintiff alleges that William Fox purchased 5,000 shares of common stock of defendant American Bankshares Corporation (Bankshares) in reliance on representations about the financial status of American City Bank & Trust Co. (American City) and Bankshares made by officers, directors and agents of City Bank, Bankshares and de-

fendant Ernst & Ernst. To finance this purchase, Fox borrowed $101,500 from plaintiff and pledged and assigned to plaintiff these 5,000 shares of Bankshares stock.

Plaintiff alleges that the defendants fraudulently concealed from Fox certain material information about the financial condition of Bankshares and American City. Plaintiff filed this action as assignee of William F. Fox on May 16, 1977.

The complaint in Civil Action 77–C–294 was filed on May 17, 1977. The complaint basically alleges that the plaintiff, John D. Cahill, purchased Bankshares stock on May 17, 1974 and borrowed money from the Colonial Bank & Trust Co. (Colonial Bank) to finance such purchase, in reliance on Bankshares' financial statements for the year 1973. Plaintiff alleges that the defendant failed to disclose to plaintiff certain material financial information about American City and Bankshares.

On March 14, 1978 the Court granted defendant's motion for summary judgment in Civil Action 77–C–294. The Court found that the action was time-barred by the period of limitations set forth in section 551.59 of the Wisconsin Statutes. Plaintiff appealed the decision.

The Seventh Circuit Court of Appeals noted that plaintiff failed to argue before the district court that count I of the complaint more closely resembles one actionable under section 551.41 of the Wisconsin Statutes and that such statute permits a private right of action so that the six-year statute of limitations contained in 893.19(4) of the Wisconsin Statutes applies. In spite of this omission, the court of appeals concluded that the district court should consider plaintiff's argument. Therefore, the court of appeals vacated the summary judgment granted to defendant and remanded the case for further proceedings.

On October 26, 1978, for the purpose of briefing this issue only, this Court consolidated *Cahill v. Ernst & Ernst*, 448 F.Supp. 84, D.C., with *Colonial Bank & Trust Co. v. American Bankshares Corp.*, Civil Action No. 77–C–289.

The parties agree that state law provides the appropriate limitations period for a rule 10b–5 action. *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). However, they disagree over which state statute contains the applicable limitations period.

Plaintiffs argue that count 1 of the complaint resembles a claim made actionable under § 551.41 and that this statute permits private rights of action.

Section 551.41 provides:

It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly:

(1) To employ any device, scheme or artifice to defraud;

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

Defendant contends that the action resembles one made actionable by section 551.59 of the Wisconsin Statutes so that the one-to-three year statute of limitations set forth in 551.59(5) applies.

Section 551.59 provides in relevant part:

(1) Any person who: (a) offers or sells a security in violation of s. 551.21, 551.31 or 551.55 or any rule relating thereto, or any condition imposed under s. 551.26 or 551.27 or any order under this chapter of which he has notice; or (b) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the purchaser not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission shall be

liable to the person purchasing the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at the legal rate from the date of payment, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the purchaser disposed of it and interest at the legal rate from the date of disposition. Tender shall require only notice of willingness to exchange the security for the amount specified. Any notice may be given by service as in civil actions or by certified mail addressed to the last known address of the person liable.

\* \* \* \* \* \*

(5) No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires, but the time specified for commencing such action shall be extended by reason of any fact and for the time specified in ss. 893.30 to 893.38.

Section 551.41 of the Wisconsin Statutes contains wording virtually identical to that found in rule 10b–5. However, it is not clear from a reading of the statute whether or not section 551.41 permits a private right of action. It is clear that section 551.41, unlike 551.59, contains no limitations period. Furthermore, section 551.41(2) is basically incorporated into section 551.59(1).

■ In order to determine if section 551.-41 permits a private right of action, the Court must examine the legislative history of chapter 551 of the Wisconsin Statutes.

Prior to the enactment of chapter 551 of the Wisconsin Statutes of 1969, an Advisory Committee on Securities Laws was appointed as an advisory body to the Insurance and Banking Committee of the Wisconsin legislature. These advisory committee minutes provide an insight into the legislative purpose and intent in enacting chapter 551.

Plaintiffs contend that a private right of action exists under section 551.41 because the Wisconsin Legislature excised the phrase "but this act does not create any cause of action not specified in this section . . . ." from section 551.59(9) in enacting this provision of the Uniform Securities Law. The draftsmen of the Uniform Securities Act had indicated that this phrase was intended to abrogate a private cause of action. Commissioners' Note, Uniform Securities Act § 410(h), 7 Uniform Laws Annotated at 773.

The advisory committee minutes of April 19, 1968 show, however, that the committee decided that there should be no civil action for subsection 1 and 3 of Rule 10b–5 but that there would be a civil action provided for subsection 2.

Mr. Nelson referred to the civil liability section and noted that the committee should decide whether it should include in the proposed draft the private right of action for claims for sections 1 and 3 of Rule 10b–5. It was suggested that possibly there could be a private right of action under all 3 sections of 10b–5 and a requirement of privity in all 3 cases.

The committee agreed that there should be no civil action for subdivisions 1 and 3 of Rule 10b–5; a civil action for part 2 with "wilful" intent included;

\* \* \* \* \* \*

The committee agreed that there be an offer to repurchase available in all cases provided the defrauded person is furnished a complete statement of facts constituting the violation. Any civil lawsuit must be initiated within one year after the individual has knowledge of the violation with a maximum limitation of 3 years after the violation. Minutes of Wis. Legislative Council, Insurance & Banking Committee Advisory Committee on Securities Laws, April 19, 1968, at 15. *See also* minutes at 18.

The issue of implied civil liability for violations of chapter 551 were also addressed at the April 19, 1968 meeting:

Mr. Nelson reviewed the memorandum prepared by Carl A. Neumann, professional assistant, office of the commissioner of securities.

\* \* \* \* \* \*

Rule 10b–5 has become the basis of implied civil liabilities. No comparable implied right of action exists in the California or Wisconsin Acts, and the Uniform Act in § 410(h) specifically limits civil remedies for "unlawful" conduct defined in § 101 to the remedies found in § 410.

In his memorandum, Mr. Neumann referred to remarks which were delivered by David S. Ruder, professor of law, Northwestern University, before the Midwest Securities Commissioners Association on February 15, 1968. Mr. Ruder indicates that where § 410 of the Uniform Act is adopted omitting sub. (h), the omission strongly points to the probability that private rights of action for violation of § 101 will arise by implication. § 25511 of the California Act repudiates sub. (h) of the Uniform Act and yet the civil remedies are limited to those explicitly contained in the chapter. The same intent seems to appear in § 189.18(7), Wis.Stats. Minutes of Wisconsin Legislative Council Insurance & Banking Committee Advisory Committee on Securities Laws. April 19, 1968 at 7, 8.

Thus, the advisory committee clearly recognized that there would be no civil actions for subsections 1 and 3 of 551.41. As to subsection 2, however, this subsection was basically included in 551.59(1) which allows a private right of action.

The advisory committee and the legislature apparently intended that section 551.59 provide the civil remedies for any cause of action under section 551.41. This is further borne out by the Legislative Reference Bureau's note to section 551.41 which states:

Note: This section is Uniform Act Section 101 which is taken from Rule 10b–5 of the Securities Act of 1934. It corresponds to Section 189.18(1) which makes fraudulent sales voidable. Section 551.-59(1) and (2) provides civil remedies for deception in sales and purchases.

The Wisconsin Legislature set out a specific civil remedy for violation of section 551.41(2) in section 551.59(1). It is clear that the advisory committee specifically stated that there should be no implied civil liability for section 551.41(1) and (3).

 After its examination and analysis of the legislative history of chapter 551, the Court concludes that section 551.41 does not provide for a private right of action. The Court further concludes that 551.59(1) contains the civil remedy for a violation of section 551.41(2) and that the limitations period in 551.59(5) applies to these actions.

The Court's conclusion is buttressed by other factors as well.

Since both 551.41(2) and 551.59(1) cover basically the same conduct, it would be inconsistent to have a six-year statute of limitations apply to one section and a three-year limitation period applied to the other. This is especially pertinent since section 551.59 applies to offerors or sellers of securities while section 551.41 has broader coverage and applies to any person who directly or indirectly makes untrue statements of material fact or defrauds another "in connection with the offer, sale, or purchase of any security in this state."

The Court's conclusion that the one-to-three year statute of limitations in 551.59(5) applies is also consistent with the established federal policy favoring shorter statute of limitations in securities actions. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976); *See Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123 (7th Cir. 1972).

Finally, the Court's decision is strengthened by the strong precedent of *Kramer v. Loewi & Co., Inc.*, 357 F.Supp. 83 (E.D.Wis. 1973). In that case, Judge John Reynolds ruled that section 551.59(5) was applicable to actions asserted under section 10(b). The *Kramer* decision was rendered prior to the Supreme Court decision in *Ernst & Ernst v. Hochfelder, supra*, 425 U.S. 185, 96 S.Ct. 1375 (1976) and was based in part on the then existing law that negligence could

form the basis of a section 10(b) violation. However, the analysis used by Judge Reynolds is still applicable and the case has not been overruled. Furthermore if the Wisconsin Legislature had decided that the Court's ruling was an erroneous interpretation of the legislature's intentions, the legislature could have clarified this issue in the six-year time span since the decision was rendered.

In conclusion, the Court finds that the statute of limitations appropriate to a section 10b and rule 10b–5 violation is contained in section 551.59(5) of the Wisconsin Statutes.

The complaint in civil action 77–C–294 was filed on May 17, 1977. Plaintiff's discovery of the fraud occurred when plaintiff appeared in *Colonial Bank & Trust Co. v. American Bankshares Corp.*, Civil Action 75–C–638 by answering the complaint therein on January 22, 1976. Plaintiff did not file civil action 77–C–294 within the time period specified in section 551.59(5), which requires actions to be commenced within one year after discovery of the misrepresentation. (See Court's memorandum and order of March 14, 1978 in Civil Action 77–C–294.)

Therefore, defendant's motion for summary judgment on Count I in civil action 77–C–294 is hereby granted. As to the claims in counts II and III in this case, the Court finds a lack of subject matter jurisdiction. The dismissal of the federal causes of action resolves the issue of pendent jurisdiction against the plaintiff.

With respect to civil action 77–C–289, the Court ruled on March 21, 1978 that the statute of limitations began to run when Mr. Fox, not his assignee, discovered the violation. In an affidavit filed on June 5, 1978, Mr. Fox stated that he received a copy of the complaint in the case of *Stern v. American Bankshares Corp.*, 429 F.Supp. 818 (E.D.Wis.) and read and familiarized himself with same before January 20, 1976 (Fox Affid, ¶ 2).

Section 551.59(5) provides that no action can be maintained unless commenced before the expiration of three years after the transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires.

Because Mr. Fox had knowledge of the alleged violation more than one year before the complaint was filed on May 16, 1977, count I in civil action 77–C–289 is time-barred. Count II of the complaint must likewise be dismissed because the Court lacks subject matter jurisdiction.