John D. CAHILL, Plaintiff-Appellant,

v.

ERNST & ERNST, Defendant-Appellee.

No. 79–2402.

United States Court of Appeals, Seventh Circuit.

Argued April 28, 1980.

Decided June 30, 1980.

Pell, Circuit Judge, dissented and filed opinion.

---

John H. Bowers, Lawton & Cates, Madison, Wis., for plaintiff-appellant.

William H. Alverson, Milwaukee, Wis., for defendant-appellee.

Before PELL and SPRECHER, Circuit Judges, and MARKEY, Chief Judge.*

SPRECHER, Circuit Judge.

■ In this appeal we reaffirm for Wisconsin forum cases, as we have previously held for Illinois and Indiana forum cases, that a civil action brought under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5, is governed by the forum state's securities law statute of limitations and not by its common law fraud limitation period nor by its catch-all limitation period.

I

In Count I of the complaint,[1] plaintiff sought damages from defendant accounting firm, alleging that defendant made false representations to him about the financial condition of the American City Bank & Trust Company of Milwaukee, Wisconsin, and its holding company, American Bankshares Corporation. Defendant's misrepresentations and non-disclosures assertedly caused plaintiff to buy Bankshares stock on May 17, 1974. The complaint alleged that the defendant acted "with intent to deceive, manipulate and defraud Plaintiff" and "knowingly or recklessly" concealed the distressed financial condition of the two companies from plaintiff. This was alleged to violate section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b–5 thereunder.

The district court granted the defendant's motion for summary judgment, finding that the action was time-barred, 448 F.Supp. 84 (E.D.Wis.1978). The complaint was filed on May 17, 1977; defendant claimed the action was barred by the period of limitations contained in section 551.59(5) of the Wisconsin Statutes, which requires actions to be commenced within one year after discovery of the misrepresentation or within three years after the act itself, whichever expires first.[2] The district court held that the action was time-barred because "discovery of the fraud occurred when the plaintiff appeared in [a prior case [3]] by answering the complaint therein on January 22, 1976." 448 F.Supp. at 86.

The district court held that Count I of the complaint resembled a cause made actionable by section 551.59 [4] of the Wisconsin

---

* Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

1. Counts II and III of the complaint were dismissed earlier but are not involved in this appeal.

2. Section 551.59(5) of the Wisconsin Statutes provides, in pertinent part:

    No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires
    . . . .

3. Case No. 75–C–638, in the Eastern District of Wisconsin, filed on November 3, 1975, was entitled *Colonial Bank and Trust Co. v. American Bankshares Corp.* and was also pending before the court below. In the *Colonial Bank* case, the plaintiff asserted a 10b–5 claim against both the defendant and the plaintiff in the present case.

4. Section 551.59 of the Wisconsin Statutes provides:

    (1) Any person who: a) offers or sells a security in violation of s. 551.21, 551.31 or 551.55 or any rule relating thereto, or any condition imposed under s. 551.26 or 551.27 or any order under this chapter of which he

Statutes, so that the one-to-three year statute of limitations set out in that section applied. We vacated the summary judgment and remanded the cause for further proceedings because the plaintiff had failed to argue before the district court that Count I more closely resembled a cause actionable under section 551.41 [5] of the Wisconsin Statutes, which might require application of a different statute of limitations. Unpublished order in Appeal No. 78–1576, September 26, 1978.

Upon remand, the district court held that further proceedings and consideration led to the same result, namely that the Wisconsin one-to-three year security act limitation applied to Count I and hence that the count was time-barred. 478 F.Supp. 1186 (E.D. Wis.1979). The plaintiff has again appealed.

## II

■ Since no statute of limitations is provided for civil actions under section 10(b) of the Securities Exchange Act of 1934, the federal courts apply the limitation period applicable to the forum state's most closely analogous state law cause of action. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389, 47 L.Ed.2d 668 (1976).

Consequently, the Seventh Circuit has held that a section 10(b) action brought in Illinois is governed by the three-year statute of limitations of the Illinois Securities Law. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 126 (7th Cir. 1972); *Hupp v. Gray*, 500 F.2d 993, 996 (7th Cir. 1974); *Schaefer v. First National Bank of Lincoln-wood*, 509 F.2d 1287, 1291 (7th Cir. 1975), cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976); *Tomera v. Galt*, 511 F.2d 504, 508–09 (7th Cir. 1975); *Goldstandt v. Bear, Stearns & Co.*, 522 F.2d 1265, 1267 (7th Cir. 1975); *Wright v. Heizer Corp.*, 560 F.2d 236, 257 (7th Cir. 1977), cert. denied, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Nemkov v. O'Hare Chicago Corp.*, 592 F.2d 351, 353, 355 (7th Cir. 1979).

This court has similarly held that a section 10(b) action brought in Indiana is governed by the two-year statute of limitations of the Indiana Securities Regulation Act. *LaRosa Bldg. Corp. v. Equitable Life Assurance Society*, 542 F.2d 990, 993 (7th Cir. 1976).

Although we have not as yet determined the applicable Wisconsin statute of limitations in a section 10(b) action, district judges sitting in Wisconsin have held that such an action is governed by the one-to-three year statute of limitations of the Wisconsin blue sky law. Wis.Stat. § 551.59(5). See *Kramer v. Loewi & Co.*, 357 F.Supp. 83,

has notice; or b) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the purchaser not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission shall be liable to the person purchasing the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at the legal rate from the date of payment, less the amount of any income received on the security, *upon the tender of the security, or for* damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less the value of the security when the purchaser disposed of it and interest at the legal rate from the date of

disposition. Tender shall require only notice of willingness to exchange the security for the amount specified. Any notice may be given by service as in civil actions or by certified mail addressed to the last known address of the person liable.

5. Section 551.41 of the Wisconsin Statutes provides:

It is unlawful for any person, in connection with the offer, sale or purchase of any security in this state, directly or indirectly:

(1) To employ any device, scheme or artifice to defraud:

(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(3) To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

87 (E.D.Wis.1973) (Reynolds, C. J.); *Coloni-al Bank & Trust Co. v. American Banks-hares Corp.*, 439 F.Supp. 797, 801–02 (E.D. Wis.1977) (Warren, J.); *Colonial Bank & Trust Co. v. American Bankshares Corp.*, 442 F.Supp. 234, 238 (E.D.Wis.1977) (Warren, J.); *Turner v. First Wisconsin Mortgage Trust*, 454 F.Supp. 899, 904 (E.D.Wis. 1978) (Reynolds, C. J.).

In *Sperry v. Barggren*, 523 F.2d 708, 710 (7th Cir. 1975), we noted that the *Kramer* case held that Wisconsin's one-to-three year limitation period, rather than its six-year statute of limitations for fraud, applied in section 10(b) actions. We added that "[s]ince neither party contests the correctness of the *Kramer* holding, we assume its validity." *Id.* at 710 n. 1.

Thus, ever since the *Parrent* decision in 1972, this circuit has uniformly adopted the limitation provision in the forum state's securities law, in section 10(b) cases, which is in accord with the majority of circuits.[6] Other circuits have applied the limitation provision which the forum state applied to common law fraud, in section 10(b) cases.[7]

In the prior appeal of this case, plaintiff urged the adoption of the Wisconsin fraud limitation statute which provides a six-year period.[8] The district court had rejected that argument. 448 F.Supp. 84 (E.D.Wis. 1978). We now reject that argument for the same reasons comparable limitations were rejected by us in *Parrent* (Illinois' 5-year limitation for fraud) and *LaRosa* (In-diana's 6-year limitation for fraud) and by the Wisconsin district court in *Kramer* (Wisconsin's 6-year limitation for fraud).

Upon remand, we suggested that the district court consider a somewhat different argument: that plaintiff's Count I might more closely resemble section 551.41, that section 551.41 might permit an implied cause of action, and that since section 551.-41 contained no express limitation, the Wisconsin six-year catch-all statute of limitations might apply.[9]

Our concern was based on the fact that in enacting in substance the Uniform Securities Act, the Wisconsin legislature included in section 551.59(9) the phrase "The rights and remedies under this chapter are in addition to any other rights or remedies that may exist at law or in equity," but excised the phrase "but this act does not create any cause of action not specified in this section . . . " from section 551.59(9), thus seemingly authorizing a private cause of action under section 551.41. The draftsmen of the Uniform Securities Act had indicated that the excised phrase was intended to abrogate a private cause of action. Commissioners' Note, Uniform Securities Act § 410(h), 7A Uniform Laws Annotated at 672–73.

The reconsideration which we suggested upon remand conceivably depended upon the resolution of several questions: (1) can a private right of action be implied from section 551.41?; (2) if so, can the catch-all

---

**6.** In addition to the Seventh Circuit cases, see, for example, *Forrestal Village, Inc. v. Graham*, 551 F.2d 411, 413 (D.C.Cir. 1977); *Berry Petroleum Co. v. Adams & Peck*, 518 F.2d 402, 406–09 (2d Cir. 1975); *Fox v. Kane-Miller Corp.*, 542 F.2d 915, 917–18 (4th Cir. 1976); *Dupuy v. Dupuy*, 551 F.2d 1005, 1023–24 n. 31 (5th Cir.), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977); *Morris v. Stifel, Nicolaus & Co.*, 600 F.2d 139 (8th Cir. 1979).

**7.** See, for example, *Nickels v. Koehler Management Corp.*, 541 F.2d 611 (6th Cir. 1976), *cert. denied*, 429 U.S. 1074 (1977); *United California Bank v. Salik*, 481 F.2d 1012 (9th Cir.), *cert. denied*, 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); *Clegg v. Conk*, 507 F.2d 1351 (10th Cir. 1974). See also *McNeal v. Paine, Webber, Jackson & Curtis, Inc.*, 598 F.2d 888 (5th Cir. 1979).

**8.** Section 893.19(7) of the Wisconsin Statutes provides:

Within 6 years:

\* \* \* \* \* \*

(7) An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud.

**9.** Section 893.19(4) of the Wisconsin Statutes provides:

Within 6 years:

\* \* \* \* \* \*

(4) An action upon a liability created by statute when a different limitation is not prescribed by law.

statute of limitations be implied to govern such a private right of action?; and (3) even if so, should we adopt such a catch-all statute as a matter of policy? In order for the plaintiff to prevail, it would be necessary to answer each question in the affirmative.

Upon remand the district court gave careful consideration to the first question by a detailed study of the legislative history of chapter 551 of the Wisconsin Statutes. The court noted that section 551.41 contains wording virtually identical to that found in Rule 10b–5, and that like Rule 10b–5, the state provision contains no limitation period. However, the court found that the legislature, as indicated by the minutes of its advisory committee, "clearly recognized that there would be no civil actions for subsections 1 and 3 of 551.41." 478 F.Supp. at 1190. The court then concluded:

> After its examination and analysis of the legislative history of chapter 551, the Court concludes that section 551.41 does not provide for a private right of action. The Court further concludes that 551.-59(1) contains the civil remedy for a violation of section 551.41(2) and that the limitations period in 551.59(5) applies to these action.
>
> \*  \*  \*  \*  \*  \*
>
> Since both 551.41(2) and 551.59(1) cover basically the same conduct, it would be inconsistent to have a six-year statute of limitations apply to one section and a three-year limitation period applied to the other.

478 F.Supp. at 1190.

Having concluded that a private right of action was not intended to be implied from section 551.41, it was not necessary for the district court to answer the second or third question. However, since the first question is a matter of state law and since a Wisconsin court could in the future differ with the district court's answer, we shall endeavor to confront the remaining questions, which are purely federal questions.

Our research reveals that while the majority of circuits and cases have adopted the limitation period set forth in the forum state's securities law and while several cir-cuits and cases have adopted the limitation period which the forum state applied to common law fraud, no federal court, so far as we can determine, has applied a state catch-all limitation period.

The Fifth Circuit discarded a catch-all provision in *Dupuy v. Dupuy*, 551 F.2d 1005, 1023–24 n. 31 (5th Cir.), *cert. denied*, 434 U.S. 911, 98 S.Ct. 312, 54 L.Ed.2d 197 (1977), saying:

> The article is a catch-all provision that does not mention fraud or misrepresentation actions.
>
> \*  \*  \*  \*  \*  \*
>
> Even with these distinguishing features [between the Louisiana Blue Sky Law and Rule 10b–5], however, the Blue Sky statute still bears a closer resemblance to Rule 10b–5 than a catch-all provision dealing with a variety of offenses and quasi offenses in the Louisiana Code.

The Wisconsin catch-all provision itself, section 893.19(4), was discarded in favor of section 551.59(5) as early as 1973 in *Kramer v. Loewi & Co.*, 357 F.Supp. 83, 85–86 (E.D. Wis.1973).

In opting for the state's securities law limitation rather than its common law fraud limitation, the Second Circuit said in *Berry Petroleum Co. v. Adams & Peck*, 518 F.2d 402 (2d Cir. 1975):

> The result here is particularly appropriate is light of the fact that the two-year limitation was implied by the Texas courts while the three-year limitation was expressly adopted by the Texas legislature for use in securities fraud actions. This suggests that the underlying Texas policies against securities fraud (which appear to be similar to those of the federal government) are most accurately expressed in the Texas Securities Act.

*Id.* at 409 [citation omitted].

In *Parrent*, we noted that the state's securities law limitation was closer in duration to the express limitations set forth in the 1933 and 1934 federal securities acts than the state's common law fraud limitation, saying:

Furthermore, logic dictates selection of the . . . Illinois [securities law] limitation as tending more toward an orderly development of law, than reaching into a different Illinois Act . . . for the appropriate limitation.

455 F.2d at 127.

In the present case, the Wisconsin one-to-three year limitation, section 551.59(5), is identical in duration to the express limitations set out in the 1933 and 1934 federal acts. See *Parrent*, 455 F.2d at 125 n. 3.

Thus, for all the reasons we discarded state common law fraud limitations in favor of the state blue sky law limitations in *Parrent* and *LaRosa* and for the additional reasons outlined above, we discard Wisconsin's catch-all provision as an appropriate limitation period, particularly in view of Wisconsin's express statutory policy stated in its securities law:

This chapter shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact the "Uniform Securities Act" and *to coordinate the interpretation and administration of this chapter with related federal regulation.*

Wis.Stat. § 551.67 [emphasis added].

Even if a private right of action could, contrary to the interpretation of Wisconsin district judges, be implied from section 551.-41, and even if a second implication could be made bringing in the catch-all limitation, it is highly questionable whether we should adopt that limitation period as a matter of policy. The relatively long-standing interpretation of local law repeated on numerous occasions by federal judges experienced in the law of Wisconsin should be given great weight.[10]

Finally, parties to litigation within this circuit have become accustomed since 1972 to our adoption of state securities law limitations in section 10(b) cases. For us to change the applicable limitation period without good and substantial cause would add an unnecessary uncertainty to the prosecution of federal claims under section 10(b). See *IDS Progressive Fund, Inc. v. First of Michigan Corp.*, 533 F.2d 340, 343 (6th Cir. 1976).

The judgment of the district court is affirmed.

PELL, Circuit Judge, dissenting.

Although I have no basis for disagreeing with the majority opinion's observation that no federal court has applied a state catch-all limitation period, this does not mean that such application would never be appropriate. Here, it appears to me, unlike the situation in other states where the question has arisen, that the interregnum existing in the Wisconsin statute leaves the only appropriate limitation period as that contained in Sec. 893.19(4) Wis.Stats., the catch-all provision. I therefore respectfully dissent.

I am in agreement with the majority opinion that the correct procedure in determining the applicable state statute of limitations in a Rule 10b–5 case is to apply the statute of limitations applicable to the state statute bearing the closest resemblance to Rule 10b–5. A comparison drawn between Section 551.41 and Sec. 551.59(1) on the one hand and Rule 10b–5 on the other shows clearly in my opinion that Sec. 551.41 is the Wisconsin statute most similar to Rule 10b–5. Indeed that section is almost a mirror image of the rule. The common purpose of the two laws is self-evident. They both provide a remedy against the same intentional wrongful conduct. A comparison with the federal regulatory scheme appears to me to show convincingly that Sec. 551.-59(1) was never intended to cover the same conduct as Rule 10b–5 but was meant to provide an analogous state statute to Sec. 12 of the Securities Act of 1933, 15 U.S.C. § 77l.

---

10. *Bernhardt v. Polygraphic Co.*, 350 U.S. 198, 204–05, 76 S.Ct. 273, 276–77, 100 L.Ed. 199 (1956); *Buehler Corp. v. Home Insurance Co.*, 495 F.2d 1211, 1214 (7th Cir. 1974); 1A Moore's Federal Practice ¶ 0.309[2], page 3125. Chief Judge John W. Reynolds, prior to his 15 years on the federal bench at Milwaukee was both the Attorney General and the Governor of Wisconsin. Judge Robert W. Warren, prior to his 6 years on the federal bench, was the Attorney General of Wisconsin.

The *Parrent* case was decided in 1972. The *Kramer* case, following the *Parrent* analysis in a Wisconsin forum, was decided in 1973.

I regard it as significant that Sec. 551.-59(1) limits the types of actors against whom it imposes liability. It only makes parties to the purchase or sale of securities, control persons and broker dealers and their agents civilly liable for their conduct. Neither Sec. 551.41 nor Rule 10b–5 contains such a limitation as to parties. Both of the latter provide a remedy against any person who violates their prohibitions and thus we have another example of the close similarity of purpose between these two laws and their dissimilarity with Sec. 551.59(1). Another example of the close similarity of purpose between Rule 10b–5 and Sec. 551.41 and conversely the dissimilarity between the rule and Sec. 551.59(1) is with regard to the type and amount of damages allowed. Sec. 551.59(1) contains an exact measure of recovery which limits recovery to "the amount that would be recoverable on a tender less the value of the security when the purchaser disposed of it and interest at the legal rate from the date of disposition." Its federal counterpart, 15 U.S.C. § 771, contained the same damage measure. Neither the federal rule nor Sec. 551.41 contains this limitation on damages. They are both intended to punish intentional wrongful conduct and make the perpetrators of such conduct liable for all the consequential damages caused by their acts.

Another area of comparison is that of available defenses. It appears that all three of the laws under examination provide a remedy for fraud and for injury caused by reckless conduct. The similarity, however, ends on the third possible ground for a recovery in that neither Sec. 551.41 nor the rule allows for recovery as a result of injuries caused by negligent conduct. Conversely, Sec. 551.59(1) does allow recovery for damages caused by negligent conduct. This is demonstrated in the statute which establishes the reasonable cause standard as the defense to liability.

I cannot agree with the district court that Sec. 551.41 did not provide a private right of action. Indeed the majority opinion expressed concern as to effect of the Wisconsin legislature excising the words from Sec. 551.59(1), "but this act does not create any cause of action not specified in this section . . . ," thus seemingly authorizing a private cause of action under Sec. 551.41. The draftsmen of the Uniform Securities Act, as the majority opinion points out, had indicated that the excised phrase was intended to abrogate a private cause of action. I regard the legislative intent inherent in the excision of this wording in a Uniform Act as being that a private right of action was permitted under Sec. 551.41.

In the present case the plaintiff is suing accountants. The plaintiff could not sue these defendants under Sec. 551.59(1) as accountants did not offer nor sell securities. Such a suit could only be maintained under 551.41. The district court's decision would in effect deny a plaintiff such as the present one a state remedy. In light of the fact that Sec. 551.41 as passed by the Wisconsin legislature expressly punishes persons other than persons offering or selling securities it is not reasonable to believe that the legislature did not intend to grant people such as the present plaintiff a private right of action. Because it appears to me beyond question that Sec. 551.41 does provide for a private cause of action, and that plaintiff should have been permitted to proceed under that section, the only statute of limitations which can have applicability is the catch-all six year provision.

There is certainly a sound logical basis for applying different limitation periods to the statutes in question. As previously noted, Sec. 551.59(1) provides relief for damages due to negligent conduct. In effect the law is making an individual responsible for his unintentional mistakes. While there is nothing repugnant to the law in such a standard, it would seem sound law that a person should not be placed in jeopardy for extended periods of time because of an unintentional mistake. Additionally, there is a rational basis for encouraging the finality of securities transactions. These two policies in tandem provide strong intellectual support for the application of a short statute of limitations upon negligent conduct. On the other hand, intentional conduct or fraud is another matter. Here an innocent person allegedly has been injured by intentional wrongful conduct. No policy recom-

mends protection of the perpetrator of the fraud by imposing a short period of limitation. "The fundamental purpose of Sec. 10(b) and Rule 10b–5 is to achieve a high standard of business ethics. This purpose is taken seriously and is broadly construed." *Tomera v. Galt*, 511 F.2d 504, 510 (7th Cir. 1975). A short statute of limitations undermines this purpose. Among other factors, a short period of limitations decreases the risk of discovery and lessens the deterrent effect of the law. The question of discovery points out another problem arising from a short period of limitations. Securities cases by their very nature tend to be complex. The present case was no exception. This inherent complexity simply means that much time is needed to digest and understand the interrelationship, facts, and law. A short period of limitations deprives a potential claimant of this needed time.

In sum, it appears to me that if the Wisconsin security law is to be interpreted consistently with its federal counterparts, Sec. 551.59(5) will not be applied to actions properly brought pursuant to Sec. 551.41 but that the six year statute of limitations contained in Sec. 893.19(4) should be applied to the present action. Both the law and sound public policy command this result.