**Paul KRAMER, Plaintiff,**

v.

**LOEWI & CO., INC. and Robert L. Pagel, Defendants.**

**Robert L. FAIT, Plaintiff,**

v.

**LOEWI & CO., INCORPORATED, and Robert L. Pagel, Defendants.**

**Beauford E. PIPPIN, Plaintiff,**

v.

**LOEWI & CO., INCORPORATED, and Robert L. Pagel, Defendants.**

**Richard H. WAGNER, Plaintiff,**

v.

**LOEWI & CO., INCORPORATED, and Robert Pagel, Defendants.**

**Civ. A. Nos. 71–C–651, 71–C–684, 72–C–288 and 72–C–344.**

United States District Court, E. D. Wisconsin.

April 11, 1973.

84

---

William L. McCusker, Madison, Wis., for plaintiffs.

Clay R. Williams and Edward A. Porter, Milwaukee, Wis., for defendants.

REYNOLDS, Chief Judge.

## MEMORANDUM DECISION AND ORDER

These actions arise from sales by defendants of securities in National Tape Distribution Incorporated and Unicare Health Services Incorporated between 1968 and 1971. Fraud and violation of Rule 10b–5 of the Securities and Exchange Commission are alleged; damages are sought. Jurisdiction is based on 28 U.S.C. § 1331. Although the actions have not been consolidated, all are now before this branch of the court on motions to dismiss and other motions which present the same questions of law; hence, I am treating them together for the purpose of deciding these motions.

■ The major question presented is what statute of limitations applies to the 10b–5 actions. Since § 10 of the Securi-

ties and Exchange Act of 1934 contains no limitations, the period of the forum state, here Wisconsin, must be used. International Union, United Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Since several Wisconsin statutes of limitation apply by their terms, I must select the one which will "best effectuate the federal policy at issue." Charney v. Thomas, 372 F.2d 97, 100 (6th Cir. 1967).

■ Four contending provisions are suggested: Wis.Stats. § 893.19(4) which applies to actions "upon a liability created by statute when a different limitation liability is not prescribed by law"; § 893.21(1) which applies to actions by "a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation"; § 893.19(7) which expressly applies to actions for fraud; and § 189.18 (3), later amended and renumbered as § 551.59(5) which applies to actions under Wisconsin's own blue sky law. Choosing between these statutes has been made easier for courts in this circuit by the recent opinion of the Seventh Circuit Court of Appeals in Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7 Cir. 1972). The court there approved the use of the limitations period of the state statute which most closely resembled 10b–5 and which best shared its purpose. That purpose, as stated by the United States Supreme Court, is "to substitute a philosophy of full disclosure for the philosophy of *caveat emptor* and thus to achieve a high standard of business ethics in the securities industry." Securities and Exchange Commission v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 186, 84 S.Ct. 275, 280, 11 L.Ed.2d 237 (1963). Since the first two provisions listed above, §§ 893.19 (4) and 893.21(1), are general provisions which only resemble 10b–5 in mechanistic aspects and which have nothing to do with its specific substan-

tive purpose, they can be eliminated from consideration.[1]

The choice narrows to the longer limitations period of actions for fraud or the shorter limitations period of private actions for violation of Wisconsin's blue sky law. Again, *Parrent* is decisive. A careful reading of that opinion shows that the Seventh Circuit adopted the Eighth Circuit's interpretation of 10b–5 in Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970), to the effect that scienter is not a necessary element of a 10b–5 action but that recovery may be predicated upon negligence alone. *Parrent,* supra, 455 F.2d at 126. Thus interpreted, a 10b–5 action more closely resembles an action under the state blue sky law than an action for fraud where greater scienter is needed.[2] Estate of Demos, 50 Wis.2d 262, 184 N.W.2d 117 (1971); First Credit Corp. v. Myricks, 41 Wis. 2d 146, 163 N.W.2d 1 (1968). The broader liability under 10b–5 supposedly makes a shorter limitations period appropriate. Vanderboom v. Sexton, supra, 422 F.2d at 1239.

Except for the interstate element in 10b–5, the Wisconsin blue sky law outlaws the same activities. Section 189.18 (repealed 1970), the old blue sky law, made voidable:

> "Every sale of a security by means of or involving any material misrepresentation or fraud including misrepresentation of a material fact or matter or failure to state a material fact or matter necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such misrepresentation, fraud or failure) * * *." [3]

Section 551.59, the new blue sky law, makes liable:

> "Any person who * * * offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the purchaser not knowing of the untruth or omission * * *."

Rule 10b–5(b), implementing § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), makes it unlawful:

> "To make any untrue statement of a material fact or to omit to state a

---

1. In further answer to defendants' contention that § 893.21 should apply, I note that the court in *Parrent* declined to select Ill.Rev.Stat. Ch. 83, § 15, which applied to actions "for a statutory penalty" and which, if selected, would have resolved the dispute. Moreover, statutes which resemble 10b–5 in that they attempt to maintain honesty in the commercial community have consistently been favored over statutes more general. Azalea Meats, Inc. v. Muscat, 386 F.2d 5 (5th Cir. 1967); Charney v. Thomas, 372 F. 2d 97 (6th Cir. 1967); Fratt v. Robinson, 203 F.2d 627 (9th Cir. 1953). That the state may bring an action under 10b–5 is simply not as important a characteristic of that statute as its specific purpose. Finally, § 893.21(1) appears to be designed for statutes which provide a punitive sanction like a penalty rather than statutes like 10b–5 which merely provide an action for damages.

2. It is true that the new blue sky law, § 551.59, which is modeled after § 12(2) of the Securities and Exchange Act, is not as broad as 10b–5 since it contains the defense that the seller "did not know and in the exercise of reasonable care could not have known" of the misrepresentation. This defense is not contained in the Illinois blue sky law in *Parrent,* and its presence here makes this a closer case. In Vanderboom, however, on which the court in *Parrent* relied, the limitations period of the state blue sky law was applied even though the law contained this defense.

3. Section 189.18 differed from 10b–5 in that the only remedy provided was recovery of the purchase price with interest less any income received from the security. Apparently no remedy existed if the buyer disposed of the stock.

material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading * * *."
17 C.F.R. § 240.10b–5(b).

■ Following the Seventh Circuit's analysis, I note that the one or three-year limitations periods of the blue sky laws are closer to the express limitations periods in other sections of the Securities and Exchange Act than is the six-year limitations period for fraud. *Parrent*, supra, 455 F.2d at 125 n. 3. Schulman, Statutes of Limitations in 10b–5 Actions: Complication Added to Confusion, 13 Wayne L.Rev. 635, 637, 643 (1967). The Seventh Circuit also believed that selecting the state blue sky law rather than a general fraud law located in another section of the statute book would assist the "orderly development of the law." *Parrent,* supra 455 F. 2d at 127. In short, I conclude, following *Parrent,* that the limitation period of Wisconsin's blue sky law applies.

I

■ Though state law determines what the limitations period in a 10b–5 action will be, federal law determines when the clock starts running. Azalea Meats, Inc. v. Muscat, 386 F.2d 5, 8 (5th Cir. 1967). And in Vanderboom v. Sexton, 422 F.2d 1233, 1240 (8th Cir. 1970), the Eighth Circuit Court of Appeals summarized the federal law:[4]

" * * * Federal law since the case of Bailey v. Glover, 88 U.S. 342, 22 L.Ed. 636, * * * (1875) has been that in cases involving elements

of fraud neither a statute of limitations nor the equitable doctrine of laches can be said to begin to run until the fraud is or should have been discovered. The doctrine that federal law applies in determining the date on which a statute of limitations begins to run was extended in Moviecolor Limited v. Eastman Kodak Company, 288 F.2d 80 * * * (2d Cir. 1961) (dictum), cert. denied 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26, * * * (1961) to include cases at law as well as equity if the cause of action is federal in nature and even though a state statute of limitations applies."

Thus, federal courts have disregarded state laws expressly providing that the particular limitation period in question shall run from the date of the contract or the date of the violation. Batchelor v. Legg & Co., 52 F.R.D. 553 (D.C. 1971).

■ Accordingly, the three-year limitation period for 10b–5 actions governed by the old Wisconsin blue sky law, § 189.18, did not begin to run until the violation was or, with reasonable inquiry, should have been discovered even though § 189.18(3) states that the limitations period runs from the date of sale.[5] The old blue sky law, § 189.18, governs all those 10b–5 actions in which the violation occurred before January 1, 1970, the date the new blue sky law took effect. See Wis.Stats. § 551.68(1).

Similarly, the limitation period for 10b–5 actions governed by the new blue sky law, § 551.59, (which is apparently one year) also did not begin to run until the violation was or, with reasonable inquiry, should have been discovered.[6]

4. Defendant would have me construe this standard to mean the date when the buyer knew the facts which should have led him to conclude that he had been defrauded. I do not believe the standard stated in *Vanderboom* needs this interpretation. Moreover, the interpretation is misleading in that one may know the facts but because of an erroneous belief in other facts be still unable to perceive the fraud.

5. Section 189.18(3) provides in part:
"No action shall be brought for relief under this section or upon or because

of any of the matters for which relief is granted by this section and any cause of action therefor shall be forever barred after 3 years from the date of such sale * * *."

6. Section 551.59(5) provides in part:
"No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires * * *."

The new blue sky law, § 551.59, governs all 10b–5 actions in which the violation occurred after January 1, 1970, except for those actions subject to the rule of § 551.68(3).

It is commonly true in actions such as this that the court cannot determine when the violation was or should have been discovered on the basis of the pleadings or, for that matter, at any point in advance of trial. Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123, 128 (7 Cir. 1972); Batchelor v. Legg & Co., 52 F.R.D. 553, 559 (D.Md.1971). Such is the case in these actions as well. Indeed, upon the pleadings here it is not possible even to determine the date the alleged violations occurred. Consequently, no actions can be dismissed at this stage.

## II

Defendants have also moved to dismiss the 10b–5 action of plaintiffs Fait and Kramer for failure to allege that defendants intended to defraud. As I have indicated above, I believe the law in this circuit is that intent to defraud is not a necessary element of a 10b–5 action. Parrent, supra, 455 F.2d at 126.

In each case defendants have moved for a more definite statement, especially in regard to the claim of fraud. The complaints describe the representations made by the defendants and also much of the information which the defendants allegedly should have disclosed. But they do not state with any specificity the time or the circumstances under which the alleged 10b–5 violations or fraud took place. In this respect the complaints are deficient, and the motions for a more definite statement are granted. Rule 9(b), F.R.Civ.P.; International Harvester Co. v. General Insurance Company of America, 45 F.R.D. 4 (E.D.Wis.1968). Otherwise the complaints are adequate, and defendants' other motions to alter them are denied.

For the reasons given,

It is ordered that defendants' motions to dismiss in Kramer v. Loewi & Co., No. 71–C–651; Fait v. Loewi & Co., No. 71–C–684; Pippin v. Loewi & Co., No. 72–C–288; and Wagner v. Loewi & Co., No. 72–C–344, be and they hereby are denied.

It is further ordered that defendants' motion to strike certain allegations from the complaint in Wagner v. Loewi & Co., No. 72–C–344, be and it hereby is denied.

It is further ordered that defendants' motions to order compliance with Rule 10(b) of the Federal Rules of Civil Procedure in Fait v. Loewi & Co., No. 71–C–684; Pippin v. Loewi & Co., No. 72–C–288; and Wagner v. Loewi & Co., No. 72–C–344, be and they hereby are denied.

It is further ordered that defendants' motions for a more definite statement in Kramer v. Loewi & Co., No. 71–C–651; Fait v. Loewi & Co., No. 71–C–684; Pippin v. Loewi & Co., No. 72–C–288; and Wagner v. Loewi & Co., No. 72–C–344, be and they hereby are granted to the extent stated in the opinion of the court.

The use of two limitations periods presents a conceptual dilemma. Since in a 10b–5 action the limitations period would not begin to run in any event until the fraud was or should have been discovered, this section in effect establishes a one-year period of limitations for all such actions. See § 551.67.