ESSER DISTRIBUTING CO., INC.; Roderick C. Patterson; Joseph F. Madrigrano; Blanche Truss; Joan M. Cline; Vauruska Distributing, Inc.; Benedict Drewek; Gladys Drewek; Richard F. Heiden; Philip J. Olson; John Jankowski; Dorothy Jankowski; Arnold Vogel; Beverly Vogel; Jack Suworoff; Laura Suworoff; Richard Knapp; Judith Knapp; Dr. Ronald J. Holzhauer; Guido Gentile; Grace Gentile; Marino Pisani; Mary Pisani; Edward Blohm; Lena Blohm; Robert Heise; Rochelle Heise; Alfred Dobner; Johanna Dobner; Allied Industries, Inc.; Donald Dergin; Joan Dergin; Robert E. Smith; Edward Grudnowski; Janice Grudnowski; Schellgell Food Service, Inc. and Schmitt Bros. Mdse., Inc., Plaintiffs-Appellants,

v.

E.R. Thomas STEIDL, Defendant-Third Party Plaintiff-Respondent,†

v.

Timothy KILEY; Robert S. Hammerschlag; Robert M. Weiss; Joseph F. Madrigrano; Carl Farah; B. Carl Froemming and Thomas O. Johnson, Third Party Defendants.

Court of Appeals

*No. 87–1214. Argued March 24, 1988.—Decided May 4, 1988.*

(Also reported in 426 N.W.2d 63.)

† Petition to review granted.

On behalf of the plaintiffs-appellants the cause was submitted on the brief and oral argument of *Eugene J. Brookhouse* of *Brookhouse & Brookhouse,* of Kenosha.

On behalf of the defendant-third party plaintiff-respondent the cause was submitted on the brief and oral argument of *Louis D. Kaiser,* of Hartland.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.    The plaintiffs appeal an order dismissing their securities fraud and common-law fraud claims against E.R. Thomas Steidl. They argue that the common-law fraud claims should be governed by the six-year statute of limitations for fraud rather than the three-year limit contained in sec. 551.59(5), Stats. Further, the plaintiffs claim that the three-year period for bringing securities fraud claims should not begin to run until discovery of the fraud.

We agree with the plaintiffs insofar as common-law fraud is a separate claim with separate remedies and a separate statute of limitations. Therefore, we reverse and remand those claims to the trial court. However, we are unpersuaded that the legislature intended a discovery rule to be applied to the statute of limitations in the state securities laws. Because the plaintiffs' security fraud claims are thus time-barred, we affirm their dismissal.

## FACTS

■ As this case is before us on a motion to dismiss,[1] we must assume the facts alleged in the complaint to be true. *Koback v. Crook,* 123 Wis. 2d 259, 263, 366 N.W.2d 857, 859 (1985). The complaint alleged that the plaintiffs had purchased stock in Canada Dry/Graf's Bottling of Wisconsin, Inc. (Graf's), during the period of January 1 through December 1, 1980. It was further alleged that Steidl, as an officer and director of Graf's, had induced the plaintiffs to buy the stock by making false representations and failing to disclose material facts to them. Entitlement to compensatory and punitive damages was alleged under two separate theories: (1) a violation of state securities law, sec. 551.59(1), Stats.; and (2) common-law fraud. The complaint was filed May 30, 1986.

Steidl answered the complaint, counterclaimed against certain plaintiffs and filed a third-party complaint. In his answer, Steidl raised the statute of limitations as an affirmative defense. He later brought a motion to dismiss on the same basis. Following the receipt of briefs and presentation of arguments, the trial court granted Steidl's motion. The plaintiffs appeal.

[1]Although the trial court's decision labeled it a motion for summary judgment, we note that the summary judgment motions were filed by the third-party defendants and are unrelated to the issues before us. Steidl's motion was one to dismiss, and neither Steidl nor the plaintiffs presented matters outside the pleadings regarding this motion. *See* sec. 802.06(2), Stats. We therefore will refer to it as a motion to dismiss.

## STANDARD OF REVIEW AND THE STATUTE OF LIMITATIONS

■

The issues raised on appeal involve the construction and application of statutes of limitations. Such issues are questions of law, reviewed independently without deference to the trial court's decision. *See Kempfer v. Evers,* 133 Wis. 2d 415, 417, 395 N.W.2d 812, 813 (Ct. App. 1986).

The two statutes of limitations involved are secs. 893.93(1)(b) and 551.59(5), Stats. Section 893.93(1)(b) reads:

> The following actions shall be commenced within 6 years after the cause of action accrues or be barred:
>
> . . . .
>
> (b) An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud.

Prior to and at the time of the stock purchases, sec. 551.59(5), Stats. (1981–82), provided:

> No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires .... .

On April 27, 1984, this statute was amended by deletion to read:

> No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation .... .

Sec. 551.59(5), Stats.; *see also* sec. 13, 1983 Wis. Act 216.

## COMMON-LAW FRAUD

Common-law fraud was raised in the second count of the complaint. The plaintiffs argue that this count should not have been dismissed because it is controlled by the six-year period of sec. 893.93(1)(b), Stats. Steidl cites several cases for the opposite proposition: *Colonial Bank & Trust Co. v. American Bankshares Corp.,* 478 F. Supp. 1186 (E.D. Wis. 1979), *aff'd sub nom. Cahill v. Ernst & Ernst,* 625 F.2d 151 (7th Cir. 1980); *Kramer v. Loewi & Co.,* 357 F. Supp. 83 (E.D. Wis. 1973), *overruled in part, Turner v. First Wis. Mortgage Trust,* 454 F. Supp. 899, 911 (E.D. Wis. 1978).

Neither *Colonial Bank* nor *Kramer* involved common-law fraud claims; these cases are thus inapplicable. Also cited by Steidl is *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123 (7th Cir. 1972). *Parrent* is on point, but directly contradicts Steidl's position.

In *Parrent,* the plaintiffs alleged violations of the federal and Illinois securities acts as well as common-law fraud. *Id.* at 124–25. The securities fraud claims were dismissed due to the running of the statute of limitations. *Id.* at 128. The Seventh Circuit concluded that it was appropriate to continue pendant jurisdiction over the state common-law fraud claims. The court stated that the Illinois five-year statute for common-law fraud applied to these claims, but dismissed them for lack of evidence. *Id.* at 130.[2]

[2]Other courts have held that common-law fraud claims are governed by their own statute of limitations, notwithstanding related securities fraud claims. *Kittilson v. Ford,* 595 P.2d 944, 947 (Wash. Ct. App. 1979), *aff'd,* 608 P.2d 264 (Wash. 1980); *Knoell v. Huff,* 395 N.W.2d 749, 754 (Neb. 1986).

We recognize that *Parrent* is not controlling authority. *See Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675 (Ct. App. 1981). However, an independent analysis of our statutes leads us to the same conclusion.

First, we note that the Wisconsin securities laws do not provide an exclusive remedy:

> The rights and remedies under this chapter are in addition to any other rights or remedies that may exist at law or in equity.

Sec. 551.59(9), Stats. This language is broad and makes clear that the securities law *supplements* other remedies, but does not *supplant* them.

In contrast, the statute of limitations for securities fraud actions is drawn narrowly. "No action shall be maintained *under this section* unless commenced before the expiration of 3 years after the act . . . ." Sec. 551.59(5), Stats. (emphasis added).

The elements of common-law fraud and statutory securities fraud differ, as do the remedies available for each. We therefore see no reason why the two causes of action cannot co-exist, each governed by its own statute of limitations. *See Kittilson v. Ford,* 595 P.2d 944, 946–47 (Wash. Ct. App. 1979), *aff'd,* 608 P.2d 264 (Wash. 1980).

Before concluding discussion on this issue, we take note of the fact that some of the stock purchases here may have occurred more than six years before filing of the complaint. (The sales allegedly occurred between January 1 and December 2, 1980; the complaint was filed on May 30, 1986.) The six-year fraud statute specifically allows for accrual of the cause of action to commence upon the plaintiffs' discovery of the facts constituting the fraud. Sec. 893.93(1)(b), Stats. The date of discovery has not been determined

in this case, nor perhaps is its determination appropriate prior to trial. *See Kramer,* 357 F. Supp. at 88. Therefore, we do not distinguish the claims before us based upon the date of purchases. The viability of each claim will be subject to a determination of its date of accrual based on discovery.

■

We reverse that portion of the trial court's order which dismissed the second count of the plaintiffs' complaint. The common-law fraud claims are to be governed by sec. 893.93(1)(b), Stats.

## SECURITIES FRAUD

The complaint alleging securities law violations was not filed in this case until well after three years from the date of purchases, thus falling outside the three-year limit of sec. 551.59(5), Stats. However, the plaintiffs advance several theories upon which this time limit should be held to run from the date of discovery of the fraud. In support, the plaintiffs look to: (1) the 1984 amendment of the statute; (2) *Hansen v. A.H. Robins Co.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983); and (3) federal case law. We address each contention in turn.

First, however, we look to the plain language of the statute as it existed in 1980 at the time of the purchases. Section 551.59(5), Stats. (1981–82), provided for a limit of three years from the date of purchase[3] or one year from discovery of the fraud, "whichever first expires." This statutory "discovery rule" could not

[3]Literally, sec. 551.59(5), Stats. (1981–82), refers to the date of the "act or transaction constituting the violation." Neither party contends that this refers to anything other than the date of purchase. For purposes of this case, we treat the statutory language above as being synonymous with the stock purchase.

extend the three-year period of limitation, but has only the potential for shortening it. *See Trecker v. Scag,* 679 F.2d 703, 706 (7th Cir. 1982). This differs from the more common type of discovery rule—one which extends the limitation period—such as the statute of limitations for medical malpractice. *See* sec. 893.55(1), Stats. ("shall be commenced within the later of").

Turning to the 1984 amendment, the plaintiffs are left in no better position.[4] As previously mentioned, this amendment deleted the discovery portion of the statute. However, the absolute limitation of three years remained. The plaintiffs offer two justifications for the amendment which, they argue, was meant to allow expansion of the time limit.

The plaintiffs first speculate that perhaps the legislature was concerned that the old statute "resulted in the possibility that the cause of action could be barred less than three years after sale." Not only did the old statute present the possibility of such a bar, but it was a foregone conclusion. There is no indication, however, that the amendment was intended to extend the period *beyond* the three-year limit.

The second justification offered by the plaintiffs is that the amendment's purpose was to bring securities fraud actions within the grasp of what is now called the *Hansen* discovery rule. This rule was announced by the supreme court on July 1, 1983:

> [W]e adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with

---

[4]We do not decide which version of sec. 551.59(5), Stats., controls this case as the outcome is not dependent on the difference between the two versions.

reasonable diligence should be discovered, whichever occurs first.

*Hansen,* 113 Wis. 2d at 560, 335 N.W.2d at 583.

Although the 1984 amendment was not passed until after the *Hansen* decision, *see* 1983 Wis. Act 216, the draft of this particular amendment was in existence no later than January of 1983, six months prior to *Hansen.* Memorandum from Randall E. Schumann, General Counsel for the Office of the Commissioner of Securities, to Gene Messina, Legislative Attorney for the Legislative Reference Bureau (Jan. 28, 1983). This alone, however, does not preclude the application of *Hansen* to the case before us, so further analysis is necessary.

■

As noted, *Hansen* was intended to apply only to those tort actions not "already governed by a legislatively created discovery rule." *Hansen,* 113 Wis. 2d at 560, 335 N.W.2d at 583. A "discovery rule" is nothing more than a determination of when a cause of action is deemed to accrue. *See id.* at 554, 335 N.W.2d at 580. In many cases, statutes are silent regarding the point of accrual. *See, e.g.,* secs. 893.53, 893.54, Stats. The statute of limitations which was involved in *Hansen* did not establish the point of accrual, leaving that determination to case law. *Hansen,* 113 Wis. 2d at 554, 335 N.W.2d at 580.

Other statutes do establish the point of accrual. We noted in the first section of this opinion that sec. 893.93(1)(b), Stats., provides that a common-law fraud claim "is not deemed to have accrued until the discovery" of the fraud.

■

We conclude that the statute of limitations for securities law violations likewise establishes the point

169

of accrual. Section 551.59(5), Stats., requires an action under that section to be brought within three years "after the act or transaction constituting the violation." Had the statute provided for three years from the time of accrual, we might give more consideration to applying the *Hansen* rule. However, the plain language of sec. 551.59(5) measures the time from the act or transaction, and, as such, we consider it to be a legislatively created "non-discovery rule" outside the reach of *Hansen.*

Our holding does not conflict with subsequent cases which apply *Hansen* retroactively. *See, e.g., Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 388 N.W.2d 140 (1986); *Kohnke v. St. Paul Fire & Marine Ins. Co.,* 140 Wis. 2d 80, 410 N.W.2d 585 (Ct. App. 1987). Both *Borello* and *Kohnke* involved statutes which, unlike the securities fraud statute, did not specify the point of accrual. *Borello,* 130 Wis. 2d at 399 n. 1, 388 N.W.2d at 141; *Kohnke,* 140 Wis. 2d 83 n. 1, 410 N.W.2d at 586.

Having concluded that neither the 1984 amendment nor *Hansen* operates to extend the three-year limit of sec. 551.59(5), Stats., we examine those federal cases which the plaintiffs urge us to follow.

The plaintiffs cite to *Kramer v. Loewi & Co.,* 357 F. Supp. 83 (E.D. Wis. 1973); however, this case is easily distinguished. *Kramer* involved only violations of the federal securities law. In federal actions which do not specify a limitations period, the statute of limitations is determined by the period of the forum state. *Id.* at 85. The court stated that "[t]hough state law determines what the limitations period ... will be, federal law determines when the clock starts running." *Id.* at 87. Under this principle, federal courts will even disregard state statutes which provide for a specific point of accrual at the date of contract or date

of violation. *See id.* The court in *Kramer* then applied *federal* tolling provisions to imply a discovery rule, *id.* at 87–88, a point which was conceded by the plaintiffs' counsel at oral argument.

*Gieringer v. Silverman,* 539 F. Supp. 498 (E.D. Wis. 1982), *aff'd,* 731 F.2d 1272 (7th Cir. 1984), is equally inapposite. *Gieringer* involved a Wisconsin securities law violation and was controlled by the pre–1984 statute. To be viable, such a claim had to be brought within one year of discovery but no more than three years from the date of the transaction. Sec. 551.59(5), Stats. (1981–82). The court noted that federal tolling provisions would not be applied to a state claim when the state's statute contained a discovery rule. *Gieringer,* 539 F. Supp. at 503.[5] *Gieringer* therefore interpreted the existing discovery rule of sec. 551.59(5), Stats. (1981–82), and did not need to imply one into the statute. We do not read *Gieringer* as intimating that an action could be brought after the three-year absolute limitation set forth in the statute.

The most recent federal case involving the Wisconsin statute is *Poquette v. Community State Bank,* 631 F. Supp. 1480 (W.D. Wis. 1986). In *Poquette,* the district court concluded that the 1984 amendment did not apply because the claims had already been extinguished by operation of the pre–1984 law, sec. 551.59(5), Stats. (1981–82). Consistent with *Gieringer,* the court held that equitable tolling could not apply to the pre–1984 statute because of the discovery rule and the absolute three-year limit. *Poquette,* 631 F. Supp. at 1482. The court noted that equitable tolling may apply to the 1984 version. *Id.* at 1482 n. 3. However, we have found no Wisconsin cases which would suggest that

---

[5]Absent a discovery rule, federal tolling would apply as per *Kramer v. Loewi & Co.,* 357 F. Supp. 83, 87 (E.D. Wis. 1973).

tolling is applied as a matter of course in the absence of concealment by the allegedly defrauding party. Federal tolling principles apparently require no such concealment. *See Kramer,* 357 F. Supp. at 87.

We conclude that no authority exists for extending the limitation of sec. 551.59(5), Stats., beyond the three-year period in light of the legislature's determination that the cause of action accrues at the time of the act or transaction constituting the violation. The plaintiffs' counsel suggested at oral argument that such an interpretation might violate our constitution. *See* Wis. Const. art. I, sec. 9 (providing a remedy for all injuries or wrongs). The constitution does not entitle Wisconsin litigants to the exact remedy they desire, but merely to their day in court. *Metzger v. Wisconsin Dep't of Taxation,* 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967). Here, the plaintiffs may have their day in court to seek common-law fraud remedies. We also note that this argument was not advanced by the plaintiffs in the trial court or in the briefs before this court. We therefore decline to address the constitutional issue on these facts.

That part of the trial court's order which dismissed the securities fraud claims alleged in the first count of the complaint is affirmed. The dismissal of the common-law fraud claims is reversed, and we remand those claims to the trial court for further proceedings.

No costs to either party.

*By the Court.*—Order affirmed in part, reversed in part and cause remanded.