ESSER DISTRIBUTING CO., INC., Roderick C. Patterson, Joseph F. Madrigrano, Blanche Truss, Joan M. Cline, Vauruska Distributing, Inc., Benedict Drewek, Gladys Drewek, Richard F. Heiden, Philip J. Olson, John Jankowski, Dorothy Jankowski, Arnold Vogel, Beverly Vogel, Jack Suworoff, Laura Suworoff, Richard Knapp, Judith Knapp, Dr. Ronald J. Holzhauer, Guido Gentile, Grace Gentile, Marino Pisani, Mary Pisani, Edward Blohm, Lena Blohm, Robert Heise, Rochelle Heise, Alfred Dobner, Johanna Dobner, Allied Industries, Inc., Donald Dergin, Joan Dergin, Robert E. Smith, Edward Grudnowski, Janice Grudnowski, Basil Zaferos, Kenneth Fix, Audrey Fix, Ray's Wauwatosa, Inc., Ronald J. Dietz, Schellgell Food Service, Inc., and Schmitt Bros. Mdse, Inc., Plaintiffs-Appellants,

v.

E. R. Thomas STEIDL, Defendant-Third Party Plaintiff-Respondent-Petitioner,

v.

Timothy KILEY, Robert S. Hammerschlag, Robert M. Weiss, Joseph F. Madrigrano, Carl Farah, B. Carl Froemming, and Thomas O. Johnson, Third Party Defendants.

64

Supreme Court

*No. 87–1214. Argued March 1, 1989.—Decided April 12, 1989.*

(Also reported in 437 N.W.2d 884.)

For the defendant-third party plaintiff-respondent-petitioner there was a brief and oral argument by *Louis D. Kaiser,* Hartland.

For the plaintiffs-appellants there was a brief by *Eugene J. Brookhouse* and *Brookhouse & Brookhouse,* Kenosha, and oral argument by *Eugene J. Brookhouse.*

CALLOW, WILLIAM G., J. This is a review of a decision of the court of appeals, *Esser Distributing Co. v. Steidl,* 145 Wis. 2d 160, 426 N.W.2d 63 (1988), affirming in part and reversing in part an order of the Waukesha County Circuit Court, Judge Clair Voss, dismissing the complaint of Esser Distributing Co., Inc., et al. (Esser), because it was barred by the statute of limitations. The court of appeals affirmed the circuit court's dismissal of Esser's statutory claim. It reversed the circuit court's dismissal of Esser's common-law claim.

The issue before this court is whether sec. 551.59(1), Stats.,[1] provides the exclusive remedy for the

_____

[1]In 1980, when the securities sales at issue occurred, sec. 551.59(1), Stats. 1979–80, provided in relevant part:

fraudulent sale of securities in Wisconsin, thus mandating that Esser's entire action be governed by the three-year statute of limitations set forth in sec. 551.59(5).[2] We conclude that sec. 551.59(1) is not Esser's exclusive remedy in this case and that he may

> Any person who: a) offers or sells a security in violation of s. 551.21, 551.31 or 551.55 or any rule relating thereto, or any condition imposed under s. 551.26 or 551.27 or any order under this chapter of which he has notice; or b) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the purchaser not knowing of the untruth or omission, and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission, shall be liable to the person purchasing the security from him, who may sue either or law or in equity to recover the consideration paid for the security, together with interest at the legal rate from the date of payment, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security.

In 1981 this section was amended to include sec. 551.41, Stats., in the list of provisions, the violation of which constitutes a violation of sec. 551.59(1). 1981 Wis. Laws 53. Having incorporated sec. 551.41 into sec. 551.59(1), the amendment then deleted the language regarding untrue statements or omissions of material facts, which was identical to the language found in sec. 551.41(2), Stats. This change does not affect the analysis or outcome of this case.

[2]In 1980, sec. 551.59(5), Stats. 1979–80, provided in relevant part:

> No action shall be maintained under this section unless commenced before the expiration of 3 years after the act or transaction constituting the violation or the expiration of one year after the discovery of the facts constituting the violation, whichever first expires. . . .

In 1984 this section was amended by deleting the discovery provision. 1983 Wis. Laws 216. This change does not affect the analysis or outcome of this case.

bring a claim based on common-law fraud. We also conclude that Esser's common-law claim is governed by the six-year statute of limitations set forth in sec. 893.93(1)(b),[3] not by the statute of limitations set forth in sec. 551.59(5).

On May 30, 1986, Esser filed a complaint against E. R. Thomas Steidl (Steidl) in the Waukesha County Circuit Court. The complaint contains three claims. The first claim alleges that between January 1 and December 1, 1980 Steidl induced Esser to buy shares of Canada Dry/Graf's Bottling of Wisconsin, Inc. while Steidl was its "president, principal executive officer, director and controlling person," by making false representations and by failing to disclose material facts. Esser alleged that Steidl thereby violated sec. 551.59(1), Stats., a provision of the Wisconsin Uniform Securities Law (Securities Law). In the second claim, Esser incorporates by reference all of the allegations in the first claim and contends that such actions by Steidl constitute common-law fraud. In the third claim Esser alleges that Steidl "acted maliciously and/or in wanton, willful or reckless disregard of plaintiffs' rights," and demands punitive damages.

Steidl answered the complaint, counter-claimed and filed a third-party complaint seeking contribution from the third-party defendants, who are not parties to

---

[3]Section 893.93(1)(b), Stats., provides:

The following actions shall be commenced within 6 years after the cause of action accrues or be barred:

. . . .

(b) An action for relief on the ground of fraud. The cause of action in such case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud.

this appeal, in the event Esser obtained a judgment against him. On March 5, 1987, Steidl moved to dismiss Esser's complaint contending that it was barred by the three-year statute of limitations set forth in sec. 551.59(5), Stats. On May 13, 1987, the Waukesha County Circuit Court, Judge Clair Voss, granted Steidl's motion[4] and issued an order dismissing the suit.

Esser appealed from this order on June 26, 1987. The court of appeals affirmed the circuit court's dismissal of the statutory claim holding that it was barred by the statute of limitations in sec. 551.59(5), Stats. However, it reversed the dismissal of the claim for common-law fraud. It held that the common-law fraud claim is governed by the six-year statute of limitations set forth in sec. 893.93(1)(b) and it remanded that claim to the circuit court.

We agree with the court of appeals and reject Steidl's contention that the Securities Law, Chapter 551, Stats., is the exclusive remedy for securities fraud. The Securities Law does not preempt common-law remedies for fraud involving securities. There is a rule of construction which provides: "where there exists a common law doctrine relevant to the issue presented by the parties and the statute would change the common law, the legislative intent to change the common law must be clearly expressed." *LePoidevin v. Wilson,* 111 Wis. 2d 116, 129–30, 330 N.W.2d 555 (1983). Thus, if the legislature attempts to statutorily preempt common-law rights, it must clearly express its intentions to do so.

[4]Although the circuit court referred to Steidl's motion as a summary judgment motion, it was really a motion to dismiss. We will, therefore, treat the motion as a motion to dismiss.

Nowhere in Chapter 551 does the legislature clearly express its intention that common-law rights be preempted by the Securities Law. Indeed, the express language in sec. 551.59(9), Stats., preserves non-statutory causes of action. Section 551.59(9) states: "[t]he rights and remedies under this chapter are *in addition to* any other rights or remedies that may exist at law or in equity" (emphasis added). Thus, the Securities Law supplements rather than supplants the common law.

We find no significant reason to conclude the Securities Law should be held to preempt common-law remedies or that its statute of limitations should be applied to fraud actions brought under the common law. Common-law fraud and statutory fraud are not identical actions, differing in several important ways. First, they differ in the elements which make up each offense. For example, to state a claim for common-law fraud the plaintiff must show that he or she relied on a misrepresentation of the defendant. *Ollerman v. O'Rourke Co., Inc.,* 94 Wis. 2d 17, 25, 288 N.W.2d 95 (1980). There is no similar reliance requirement in Chapter 551, Stats. Second, the two causes of action differ in the type of damages which may be recovered. The Securities Law provides that a plaintiff may recover reasonable attorney fees. Sec. 551.59(1)(a), Stats. Attorney fees are not generally recoverable at common law. *Cedarburg Light & Water Commission v. Glens Falls Insurance Co.,* 42 Wis. 2d 120, 124–25, 166 N.W.2d 165 (1969). The common law allows recovery of punitive damages in certain circumstances. *Lundin v. Shimanski,* 124 Wis. 2d 175, 196, 368 N.W.2d 676 (1985). Punitive damages are not recoverable under the statute.

Finally, the Securities Law cause of action has a defense which is not found at common law. A buyer of securities may not sue under the Securities Law if the seller has offered to repurchase the security which he or she sold to the purchaser in violation of the statute. Sec. 551.59(6)(a), Stats. An offer to repurchase is not a defense under the common law.

Thus, both the express language of the statute and the nature of the two causes of action lead us to conclude that common-law and statutory fraud causes of action can co-exist. We hold that Esser may proceed with his common-law claim. It is governed by the six-year statute of limitations set forth in sec. 893.93(1)(b), Stats., not by the three-year statute of limitations of sec. 551.59(5) which by its terms only applies to actions "maintained under this section."

We note that other courts have reached similar conclusions. For example, the Washington Court of Appeals in *Kittilson v. Ford,* 23 Wash. App. 402, 595 P.2d 944 (1979), *aff'd,* 93 Wash. 2d 223, 608 P.2d 264 (1980), held that claims based on securities fraud brought under the common law and the Washington Securities Act could co-exist. In *Kittilson,* a woman bought real estate contracts (considered unregistered securities) in reliance upon misrepresentations. She lost substantially all of her investment. *Id.* at 945. She sued under the Washington Securities Act, an act almost identical to Wisconsin's Securities Law, the Washington Consumer Protection Act and the common law based on fraud and misrepresentation. The defendant contended that the Washington Securities Act preempted all other rights and remedies based on securities fraud and that the Securities Act statute of

limitations, which had expired, applied to both the statutory and common-law causes of action. The Washington Court of Appeals disagreed. It held that the Washington Securities Act was intended to provide additional protections to those found in the common law. *Id.* at 946. It concluded that the plaintiff could bring her cause of action under the common law and that the common-law statute of limitations applied. *Id.* at 947.

The Nebraska Supreme Court held likewise in *Knoell v. Huff,* 224 Neb. 90, 395 N.W.2d 749 (1986). In *Knoell,* purchasers of stock that later became worthless brought an action under both the Nebraska Securities Act and the common law. The defendants contended that the common-law cause of action was preempted by the passage of the Nebraska Securities Act. *Id.* at 753. The Nebraska Supreme Court concluded that the Securities Act was not the exclusive remedy under state law and that a securities fraud action could be brought under the common law as well. *Id.* at 754. Other courts have reached similar conclusions. *Interlox Punch & Die Corp. v. Insilco Corp.,* 174 N.J. Super. 175, 415 A.2d 1208 (1980); *Ging v. Parker-Hunter, Inc.,* 544 F. Supp. 49, 52 (W.D. Pa. 1982).

Steidl contends that two cases support his position that the three-year statute of limitations of sec. 551.59(5), Stats., alone is applicable to this case: *Cahill v. Ernst & Ernst,* 625 F.2d 151 (1980); *Colonial Bank & Trust Co. v. American Bankshares Corp.,* 478 F. Supp. 1186 (E.D. Wis. 1979). His reliance on these cases is misplaced. They involve an action brought under section 10(b) of the Federal Securities Law which does not have a statute of limitations of its own. The courts in those cases were required to choose the appropriate statute of limitations to apply to the claim under

section 10(b). They concluded that the three-year statutory statute of limitations, not the statute of limitations governing common-law fraud, applied. These cases deal only with a federal cause of action and do not hold that Chapter 551 preempts common-law causes of action or that the statute of limitations of sec. 551.59(5) governs common-law claims based upon securities fraud.

We therefore conclude that the common-law cause of action in this case is not preempted and that the six-year statute of limitations set forth in sec. 893.93(1)(b), Stats., applies. We affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.