Thomas N. TOMCZAK and Mary Ann Tomczak, Plaintiffs-Respondents,

v.

Pete L. BAILEY and American Surveying Company Inc., Defendants-Appellants, †

Randolph L. RAFALSKI and Interline Surveying Services, Inc., Defendants,

Mildred B. WOHLFARD, Defendant-Third Party Plaintiff,

v.

EQUITABLE/STEFANIAK REALTY, Third Party Defendant.

Court of Appeals

*No. 95–2733. Submitted on briefs September 3, 1996.—Decided November 13, 1996.*

(Also reported in 557 N.W.2d 840.)

†Petition to review granted.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Stephen L. Fox* of *Schmidt & Rupke, S.C.* of Milwaukee.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Robert H. Bichler* and *Brenda J. Stugelmeyer* of *Hostak, Henzl & Bichler, S.C.* of Racine.

An amicus curiae brief on behalf of The Wisconsin Society of Land Surveyors was filed by *Norman C. Anderson* and *Jennifer S. McGinnity* of *Wheeleer, Van Sickle & Anderson, S.C.* of Madison.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue on appeal is whether the discovery rule adopted in *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983), applies to the time limitation for commencement of an action against a land surveyor set out in § 893.37, STATS. The statute bars a negligence action against a land surveyor brought more than six years after completion of the survey.

We have previously granted the petition of Pete L. Bailey, a land surveyor, and his employer, American

Surveying Company, Inc. (Bailey), seeking leave to appeal the trial court's order denying their motion for summary judgment. The motion sought to dismiss the complaint of Thomas N. and Mary Ann Tomczak as time barred under § 893.37, STATS.

The Tomczaks' action seeks damages resulting from an alleged erroneous survey performed by Bailey in 1988. By summary judgment, Bailey sought dismissal because the action was brought beyond the six-year limitation period set out in § 893.37, STATS. The Tomczaks responded that their action was timely because they commenced it within six years after discovering that the survey was erroneous. The trial court ruled that the discovery rule applied to actions under the statute, and the court denied Bailey's motion for summary judgment.

We conclude the discovery rule is applicable to actions under § 893.37, STATS. Accordingly, we affirm the denial of summary judgment.

## FACTS

In August 1988, Bailey surveyed and staked the boundaries of lots 96 and 97 located in the unrecorded plat of Elm Island in Waterford, Wisconsin. The following month, the Tomczaks negotiated with Mildred B. Wohlfard and her real estate agent for the purchase of two lots. During these negotiations, Wohlfard or her real estate agent pointed out to the Tomczaks the survey markers placed by Bailey. They also provided the Tomczaks with a copy of Bailey's survey. The Tomczaks then purchased the lots.

In 1989, the Tomczaks commenced the construction of a house and patio on the property. Their builder hired a different survey company to confirm the layout of the property. This surveyor relied on the stakes

placed by Bailey in confirming that the boundaries of lots 96 and 97 existed as marked. The builder then completed the construction.

In June 1994, Charles and Kim Andersen purchased the land adjacent to the Tomczaks' property. In conjunction with this purchase, the Andersens had their property surveyed by John F. Degen to confirm its boundaries. Degen's survey revealed that the Tomczaks' house, deck, patio and pier extended onto the Andersens' property. In fact, according to Degen, the boundaries of lots 96 and 97 as marked by Bailey were actually the boundaries of lots 97 and 98 of the unrecorded plat of Elm Island.

As a result, in October 1994, the Andersens initiated an action for trespass and encroachment against the Tomczaks. The Tomczaks in turn commenced this negligence action against Bailey seeking their attorney's fees and other damages incurred in defending the Andersens' action. Bailey moved for summary judgment contending that the Tomczaks' claim was time barred under § 893.37, STATS. The Tomczaks opposed the motion, invoking the discovery rule of *Hansen*. Since they did not learn of Bailey's alleged negligence until October 1994 when the Andersens filed suit against them, the Tomczaks contended that the limitation period did not begin to run until the time of that discovery.

The trial court held that the discovery rule applied to actions under § 893.37, STATS. Therefore, the court ruled that the Tomczaks' action was not barred. Bailey appeals.

## STANDARD OF REVIEW ·

The appellate issue requires us to apply a set of undisputed facts to § 893.37, STATS. That exercise presents a question of law which we review de novo. *Shanak v. City of Waupaca*, 185 Wis. 2d 568, 585, 518 N.W.2d 310, 316 (Ct. App. 1994). The same standard of review applies to a trial court's summary judgment determination. *Tara N. v. Economy Fire & Casualty Ins. Co.*, 197 Wis. 2d 77, 84, 540 N.W.2d 26, 29 (Ct. App. 1995). Despite our de novo standard of review, we value a trial court's decision on a question of law. *Scheunemann v. City of West Bend*, 179 Wis. 2d 469, 475-76, 507 N.W.2d 163, 165 (Ct. App. 1993).

## DISCUSSION

### Introduction

We begin our discussion by explaining the three topics which will dominate our analysis: (1) the *Hansen* discovery rule, (2) the difference between statutes of limitations and statutes of repose, and (3) § 893.37, STATS.

1. The Discovery Rule: The Wisconsin Supreme Court first adopted the discovery rule in *Hansen*. Under the discovery rule, a claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered. *Hansen*, 113 Wis. 2d at 556, 335 N.W.2d at 581. Critical to the appellate issue is the following language from *Hansen*: "[I]n the interest of justice and fundamental fairness, we adopt the discovery rule for all tort actions *other than those*

410

*already governed by a legislatively created discovery rule." Id.* at 560, 335 N.W.2d at 583 (emphasis added).

■■■

2. Statutes of Limitations and Statutes of Repose: A statute of limitations bars an action if the plaintiff does not file suit within a set period of time from the date on which the cause of action accrued; a statute of repose bars a suit a fixed number of years after an action by the defendant (such as manufacturing a product), even if this period ends before the plaintiff suffers any injury. *Leverence v. United States Fidelity & Guar.*, 158 Wis. 2d 64, 92, 462 N.W.2d 218, 230 (Ct. App. 1990).

3. Section 893.37, STATS.: This statute provides, "No action may be brought against an engineer or any land surveyor to recover damages for negligence, errors or omission in the making of any survey nor for contribution or indemnity related to such negligence, errors or omissions more than 6 years after the completion of a survey." The specific question before us is whether the language of § 893.37 qualifies as a "legislatively created discovery rule" such that it is exempt from the *Hansen* discovery rule.

### The Case Law

We first examine the relevant case law, although it will not resolve the issue.

In *Esser Distrib. Co. v. Steidl*, 145 Wis. 2d 160, 426 N.W.2d 62 (Ct. App. 1988), *aff'd*, 149 Wis. 2d 64, 437 N.W.2d 884 (1989), the court of appeals considered whether the discovery rule applied to a claim of securities fraud. The statute, § 551.59(5), STATS., 1981-82, was one of repose since the limitations period began as of the date of the defendant's conduct. It provided: "No action shall be maintained under this section unless

commenced before the expiration of 3 years after the act or transaction constituting the violation." *Id.*, *see also Esser*, 145 Wis. 2d at 164, 426 N.W.2d at 64.

The court of appeals declined to apply the discovery rule stating that "the plain language of sec. 551.59(5) measures the time from the act or transaction, and, as such, we consider it to be a legislatively created 'non-discovery rule' outside the reach of *Hansen*." *Esser*, 145 Wis. 2d at 170, 426 N.W.2d at 66.[1]

However, in *H.A. Freitag & Son, Inc. v. Bush*, 152 Wis. 2d 33, 447 N.W.2d 71 (Ct. App. 1989), the court of appeals reached a different result, applying the discovery rule to a statute of repose reciting a limitations period for an action in conversion. The statute, § 893.51, STATS., provided in relevant part: "[A]n action to recover damages for the wrongful taking, conversion or detention of personal property shall be commenced within 6 years after the cause of action accrues or be barred. The cause of action accrues at the time the

---

[1] Although ruling that Esser's statutory action for securities fraud was time barred, the court of appeals also ruled that Esser's companion claim based on common law fraud was not time barred. *Esser Distrib. Co. v. Steidl*, 145 Wis. 2d 160, 167, 426 N.W.2d 62, 65 (Ct. App. 1988), *affirmed*, 149 Wis. 2d 64, 437 N.W.2d 884 (1989).

Esser did not file a petition for review of the court of appeals ruling regarding his statutory claim. Nor did he file a cross-review petition following the respondent's petition for review of the court of appeals holding regarding the common law action. *See* RULE 809.62(7), STATS. The supreme court accepted the respondent's petition for review and affirmed the court of appeals decision that Esser retained a common law action for fraud and that such action was timely. *Esser Distrib. Co. v. Steidl*, 149 Wis. 2d 64, 437 N.W.2d 884 (1989). However, the court never spoke to the timeliness of Esser's statutory claim because that issue was not raised.

wrongful taking or conversion occurs, or the wrongful detention begins."[2]

The court of appeals rejected the defendant's argument that the language of the statute clearly barred the action because more than six years had passed since the day of the taking. The court said, "Because the statute of limitations for conversion or theft contains no rule of discovery, but by its plain language would act to bar a claim before the party owning the claim was aware of its existence, we find the judicially created discovery rule found in *Hansen* applicable to this case." *H.A. Freitag*, 152 Wis. 2d at 37, 447 N.W.2d at 73. The *H.A. Freitag* decision, however, did not discuss *Esser*.

Finally, in *Skrupky v. Elbert*, 189 Wis. 2d 31, 526 N.W.2d 264 (Ct. App. 1994), the court of appeals was asked to apply the discovery rule to the deceptive advertising statute, § 100.18(11)(b)3, STATS. That statute, again a statute of repose, stated: "No action may be commenced under this section more than 3 years after the occurrence of the unlawful act or practice which is the subject of the action." Section 100.18(11)(b)3; *see also Skrupky*, 189 Wis. 2d at 54, 526 N.W.2d at 273. The court held "[b]ecause *Esser* considered and interpreted virtually identical statutory language to that found here, the holding that *Hansen* does not apply is binding." *Skrupky*, 189 Wis. 2d at 56, 526 N.W.2d at

---

[2] The initial clause in § 893.51, STATS., reads as if it is a statute of limitations since it speaks of commencing an action within six years after the cause of action accrues. However, the statute goes on to define the accrual date as the date of the wrongful act. Thus, in the final analysis, the statute is one of repose since it measures the limitation period from the time of the defendant's act.

274. The *Skrupky* decision, however, did not discuss *H.A. Freitag*.

It is obvious that these cases are in sharp conflict. *Esser* and *Skrupky* support Bailey's argument. *H.A. Freitag* supports the Tomczaks' argument. Ordinarily, when such a condition exists, we are free to follow those cases which we conclude represent the better law. *State v. Kuehl*, 199 Wis. 2d 143, 149, 545 N.W.2d 840, 842 (Ct. App. 1995). However, none of these decisions were written on a clean slate. Rather, all stem from each court's interpretation of *Hansen*. Thus, our determination as to which line of cases is correct turns on what *Hansen* really means. Therefore, our analysis will focus on *Hansen*, not on the conflicting decisions which it has spawned.

### The **Hansen** Decision

*Hansen* adopted the discovery rule "for all tort actions other than those already governed by a legislatively created discovery rule." *Hansen*, 113 Wis. 2d at 560, 335 N.W.2d at 583. Bailey argues that since § 893.37, STATS., is a statute of repose, it necessarily constitutes a "legislatively created discovery rule" within the meaning of *Hansen*. Although we agree that § 893.37 is a statute of repose, we disagree with Bailey that this renders the statute's time limitation a "legislatively created discovery rule." We hold this for the following reasons.

First, § 893.37, STATS., does not recite any "discovery" language. This is significant because, despite the new ground broken by *Hansen*, discovery principles were not unknown to Wisconsin law at the time of *Hansen*. Certain limitations statutes in existence at that time already employed discovery principles. *See, e.g.*, § 893.55, STATS., 1979-80 (governing certain medi-

414

cal malpractice actions); § 893.925, STATS., 1979-80 (governing actions for injuries related to mining).

We have often observed that the legislature, when enacting statutes, is presumed to do so with full knowledge and awareness of existing statutes. *State ex rel. McDonald v. Douglas County Cir. Ct.*, 100 Wis. 2d 569, 578, 302 N.W.2d 462, 466 (1981). We have also observed that the legislature is presumed to know the common law pronounced by the courts when it enacts a statute. *See In re D.M.M.*, 137 Wis. 2d 375, 389-90, 404 N.W.2d 530, 536 (1987). From this, it logically follows that the supreme court likewise is aware of existing statutes on the same subject matter when it acts in its law-declaring capacity. Thus, with discovery statutes already in place, it follows that the supreme court had these laws in mind when it specifically exempted "actions . . . already governed by a legislatively created discovery rule" from the new discovery rule. *See Hansen*, 113 Wis. 2d at 560, 335 N.W.2d at 583. If the court had intended to exempt other statutes which did not recite discovery principles or contain discovery language, it presumably would have done so. But it did not.

Second, the supreme court's adoption of the discovery rule is premised on public policy grounds. *Hansen*, 113 Wis. 2d at 558, 335 N.W.2d at 582. This policy seeks to avoid the "harsh result" produced when "the statutory period for initiating an action may have partially, or in some instances totally, expired before the claimant knows of the injury." *Id.* at 555, 556, 335 N.W.2d at 580, 581. Whether a time limitation is set out in a statute of limitations or a statute of repose, the limitation period constitutes "a statutory period for initiating an action" under the language of *Hansen*. The same harsh result can occur under either type of stat-

ute. Thus, the public policy concerns underpinning *Hansen* apply with equal persuasion to statutes of repose. We therefore disagree with Bailey that the issue turns on the fact that § 893.37, STATS., is a statute of repose.[3]

■

Because the language of § 893.37, STATS., contains no rule of discovery, we conclude that it falls under the *Hansen* discovery rule. As such, we conclude that *H.A. Freitag* represents the correct law because it correctly interprets *Hansen*.

Although the above discussion concludes and governs this case and results in our affirming the trial court's order, we address an additional aspect of the trial court's ruling with which we disagree. The court distinguished *H.A. Freitag* from *Esser* and *Skrupky*,

---

[3] This approach also avoids another potential problem. In *Funk v. Wollin Silo & Equip., Inc.,* 148 Wis. 2d 59, 435 N.W.2d 244 (1989), the supreme court considered an equal protection challenge to § 893.89, STATS., which provided in relevant part that no action for injury resulting from an improvement to real property may be brought "more than 6 years after the substantial completion of construction. If the injury or defect occurs or is discovered more than 5 years but less than 6 years after the substantial completion of construction, the time for bringing the action shall be extended 6 months." Section 893.89, 1991-92; *see also Funk,* 148 Wis. 2d at 61 n.1, 435 N.W.2d at 245. While the court's decision was grounded on equal protection grounds, the court alluded "to the problem potentially posed when a litigant is deprived of his cause of action before it has 'accrued'. ... ." *Id.* at 77, 435 N.W.2d at 252. The court noted that in effect the statute "abolishes a common law cause of action because a person cannot, and should not, sue before he has reason to believe he has been injured. And when he does become aware of the tort inflicted upon him, it may already be too late." *Id.* at 72, 435 N.W.2d at 250.

noting that the conversion action in *H.A. Freitag* was recognized by the common law, whereas the securities fraud action in *Esser* and the deceptive advertising action in *Skrupky* were statutory causes of action. Since the negligence action here is recognized by the common law,[4] the court saw this as a *H.A. Freitag* case.

While we understand the distinction made by the trial court, we conclude that it does not hold up under closer scrutiny for two reasons. First, that distinction would produce an uneven application of the discovery rule. A statute which creates a cause of action with an accompanying limitations period would be exempt from the discovery rule. Yet, a similarly worded limitations period governing a common law action would be governed by the discovery rule. We question the wisdom of such a result.

Second, and more importantly, the supreme court's adoption of the discovery rule applied to "all tort actions" except those already governed by a discovery rule. *See Hansen*, 113 Wis. 2d at 560, 335 N.W.2d at 583. A tort is generally defined as "a civil wrong, other than a breach of contract, for which the law will provide a remedy in the form of an action for damages." *Koestler v. Pollard*, 162 Wis. 2d 797, 808, 471 N.W.2d 7, 11 (1991) (quoted source omitted). Our supreme court has held that a statutorily created cause of action can qualify as a tort action. *See, e.g., Johnson v. ABC Ins. Co.*, 193 Wis. 2d 35, 45, 532 N.W.2d 130, 133 (1995) (recognizing the statutory action for wrongful death as an action in tort). The *Hansen* decision did not draw any distinction between tort actions recognized by the common law and those created by the legislature.

---

[4] Section 893.37, STATS., does not create a cause of action against a surveyor. It merely sets out a limitations period within which such an action must be commenced.

Instead, the court extended the discovery rule to "all tort actions." *Hansen*, 113 Wis. 2d at 560, 335 N.W.2d at 583.

## CONCLUSION

We affirm the trial court's ruling that actions under § 893.37, STATS., are subject to the discovery rule adopted in *Hansen*. Therefore, we affirm the nonfinal order denying Bailey's motion for summary judgment. We remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded.